Scott A. Bursor
Joseph I. Marchese
Yitzchak Kopel
Neal J. Deckant
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, NY 10019
Telephone:  (646) 837-7150
Facsimile:  (212) 989-9163

Shane T. Rowley
LEVI & KORSINSKY, LLP
30 Broad St., 24th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (866) 367-6510

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------- X
                                         :

ASHLEY BRADY and STEPHANIE DALLI    :
CARDILLO, on behalf of themselves and all    :
others similarly situated,                       :

                                         :   Case No. 2:13-CV-07169-SJF-ARL
                      Plaintiffs,    :
      v.                                :

BASIC RESEARCH, L.L.C., ZOLLER       :
LABORATORIES, L.L.C., NICOLE E.     :
POLIZZI a/k/a SNOOKI, DENNIS W. GAY,  :
DANIEL B. MOWREY, and MITCHELL K.  :
FRIEDLANDER,                      :
                                         :
                     Defendants.   :
-------------------------------------------------------- X

## PLAINTIFFS' OPPOSITION TO DEFENDANTS BASIC RESEARCH, LLC, ZOLLER LABORATORIES, LLC, DENNIS W. GAY, DANIEL B. MOWREY AND MITCHELL K. FRIEDLANDER'S MOTION TO STRIKE PURSUANT TO FED R. CIV. P. 12(f)

Dated:  July 24, 2014

## TABLE OF CONTENTS

**Page(s)**

INTRODUCTION ................................................................................................................... 1

STATEMENT OF FACTS ....................................................................................................... 1

ARGUMENT ........................................................................................................................... 4

I.  Legal Standard ............................................................................................................... 4

II.  Plaintiffs' Allegations Are Directly Related To Friedlander's Intent,
Knowledge, And Willfulness ......................................................................................... 5

CONCLUSION ........................................................................................................................ 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Crespo v. N.Y. City Transit Auth.*,
    2002 U.S. Dist. LEXIS 2977 (E.D.N.Y. Jan. 4, 2002).................................................................. 4

*Eaves v. Designs for Fin., Inc.*,
    785 F. Supp. 2d 229 (S.D.N.Y. 2011).................................................................. 5

*FTC v. Intra-Medic Formulations, Inc.*,
    No. 85-2819-Civ-Nesbitt (S.D. Fla. Feb. 26, 1986).................................................................. 3

*Griesi v. Atlantic Gen. Hosp. Corp.*,
    360 Md. 1 (Md. 2000).................................................................. 6

*In re Simon II Litig.*,
    2002 U.S. Dist. LEXIS 25632 (E.D.N.Y. Oct. 22, 2002).................................................................. 5

*Johnson & Johnson Consumer Cos., Inc. v. Aini*,
    540 F. Supp. 2d 374 (E.D.N.Y. 2008).................................................................. 7

*Lipsky v. Commonwealth United Corp.*,
    551 F.2d 887 (2d Cir. N.Y. 1976).................................................................. 4

*Lynch v. Southampton Animal Shelter Found., Inc.*,
    278 F.R.D. 55 (E.D.N.Y. 2011).................................................................. 4, 5, 7

*Nails v. S&R, Inc.*,
    334 Md. 398 (Md. 1994).................................................................. 5

*Tuccillo v. Geisha NYC, LLC*,
    635 F. Supp. 2d 227 (E.D.N.Y. 2009).................................................................. 6

*United States v. United States Currency in the Amount of Five Hundred Ninety-Eight Thousand Eight Hundred Twenty Six Dollars*,
    2007 U.S. Dist. LEXIS 67938 (E.D.N.Y. Sept. 13, 2007).................................................................. 5

**Rules**

Fed. R. Civ. P. 12(f).................................................................. 4, 6

Fed. R. Civ. P. 404(b)(2).................................................................. 6

Fed. R. Evid. 608(b).................................................................. 6

**INTRODUCTION**

Unable to mount a valid defense on the merits to the Complaint, Defendants instead attempt to strike the allegations.  These allegations speak directly to Defendant Mitchell K. Friedlander's ("Friedlander") knowledge and intent.  Defendant Friedlander and his co-Defendants have made multiple false representations and claims that the Zantrex products are safe and effective for weight control.  These representations are false and misleading.

This is not the first time Friedlander has falsely marketed supplements.  The allegations Defendants seek to strike concern three separate government censures where a government agency has ordered Friedlander to stop making false representations related to his marketing of other supplements, including other supposed "weight loss" supplements.  Contrary to Defendants' claims of irrelevance, that Friedlander has previously, on multiple occasions, been censured for doing precisely what he has done here, is direct evidence of his intent and knowledge in this action, and shows that his representations concerning the Zantrex products were not a mistake or an accident.

Because the allegations Defendants seek to strike are directly relevant to this action, the Court should deny Defendants' motion.  Moreover, the Court should deny Defendants' motion because Defendants are asking the Court to effectively decide an evidentiary issue at the pleadings stage.

**STATEMENT OF FACTS**

Plaintiffs have brought a class action on behalf of purchasers of Zantrex-3 ("Zantrex-3"), Zantrex-3 High Energy Fat Burner ("Fat Burner"), and Zantrex-3 Power Crystals ("Power Crystals," and, together with Zantrex-3 and Fat Burner, "Zantrex").  First Amended Class Action Complaint ("FAC") ¶ 1.  Over the years, Defendants have marketed each product as a clinically-proven product that causes weight loss or fat loss.  However, this is not true.  Zantrex

1

products do not cause weight or fat loss, with their main ingredient being a large dose of caffeine, which the U.S. Food and Drug Administration has determined is not safe or effective for weight control or appetite suppression.  *Id.* ¶¶ 1, 7.

Defendants have marketed the Zantrex products using false and misleading labels and advertising.  *Id.* ¶¶ 4-7.  For example, Defendants represent that Zantrex-3 is safe and effective for "Rapid Weight Loss," and that it will deliver "546% more weight loss than the leading ephedra-based" weight loss supplement.  *Id.* ¶ 4.  They also represent that the Power Crystals are safe and effective for "Rapid Weight Loss" and "Reduced Appetite," and that Fat Burner is safe and effective for "Rapid Fat Loss."  *Id.* ¶¶ 5-6.  These representations are all false and misleading.  *Id.* ¶ 7.

Defendants Basic Research, L.L.C. ("Basic Research"), Dennis W. Gay ("Gay"), Daniel B. Mowrey ("Mowrey"), and Mitchell K. Friedlander ("Friedlander"), are all currently subject to an injunction from the Federal Trade Commission ("FTC") in connection with their marketing and sale of other "weight loss" products (the "FTC Injunction").[1]  *Id.* ¶ 8.  The FTC Injunction enjoined Basic Research, Gay, Mowrey, and Friedlander from making unsubstantiated claims "unless at the time the representation is made respondents possess and rely upon a reasonable basis for the representation, which shall consist of competent and reliable scientific evidence."  *Id.* ¶ 53.  Along with the injunction, Basic Research was ordered to pay a $3 million settlement on behalf of all respondents.  *Id.*

The FTC Injunction was not the first instance wherein Defendant Friedlander, who is the self-proclaimed "marketing guru" of Basic Research, has run into legal issues regarding his actions selling and marketing products.  On September 10, 1985, the U.S. Postal Service

---

[1] Decision And Order, *In re Basic Research, L.L.C.*, Dkt. No. 9318 (2006), *available at* http://www.ftc.gov/os/adjpro/d9318/060619decisionandorder.pdf.

("USPS") issued "Cease and Desist" and "False Representation" orders against Friedlander in connection with his activities concerning the marketing and sale of "weight-loss" dietary supplements, preventing him and his companies from continuing to make false claims about the effectiveness of these "weight loss" products.[2]  *Id.* ¶ 33.  On September 30, 1985, the USPS issued a second Postal Service Decision, finding that Friedlander's advertisements for three breast enlargement products  were "materially false as a matter of fact."[3]  *Id.* ¶ 34.  As with the "weight loss" products, the USPS ordered Friedlander to cease and desist from making further false claims about the effectiveness of his breast enlargement products.  *Id.*  Finally, on February 26, 1986, following a six-day bench trial in an action brought by the Department of Justice and the FTC, the Southern District of Florida permanently enjoined Friedlander from advertising that his "weight loss" products caused weight loss without exercising or restricting caloric intake.[4]  *Id.* ¶ 35.

Plaintiffs assert causes of action for violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*, breach of express warranty, violation of New York General Business Law § 349, deceptive acts and practices, negligent representation, fraud, unjust enrichment, and

---

[2] *See In the Matter of the Complaint Against W.G. Charles Company, Customer Service Distribution Center, Inc., Mitchell K. Friedlander, Harris Friedlander, and Michael Meade*, U.S. Postal Service Docket No. 19/104 (Sept. 10, 1985) and *In the Matter of the Complaint Against The Robertson-Taylor Company, Intra-Medic Formulations, Inc., Customer Service Distribution Center, Inc., Mitchell K. Friedlander, Harris Friedlander, and Michael Meade*, U.S. Postal Service Docket No. 19/162 (Sept. 10, 1985), available at http://about.usps.com/who-we-are/judicial/admin-decisions/1985/19-104dd.htm.

[3] *See In the Matter of the Complaint Against The Robertson-Taylor Company, Intra-Medic Formulations, Inc., W.G Charles Company, Customer Service Distribution Center, Inc., J.F. Pharmaceuticals, Mitchell K. Friedlander, Harris Friedlander, and Michael Meade*, U.S. Postal Service Docket Nos. 19/105, 19/161, and 20/32 (Sept. 30, 1985), available at http://about.usps.com/who-we-are/judicial/admin-decisions/1985/19-105.htm.

[4] *See FTC v. Intra-Medic Formulations, Inc.*, No. 85-2819-Civ-Nesbitt (S.D. Fla. Feb. 26, 1986).

violation of the Maryland Consumer Protection Act.  *Id.* ¶¶ 140-94.  On June 9, 2014, Defendants filed a motion to strike allegations ¶¶ 32-35 of the Amended Complaint; the allegations related to Friedlander's two USPS orders, as well as the February 26, 1986 order.

## ARGUMENT

### I.    Legal Standard

Federal Rule of Civil Procedure 12(f) states that a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Motions to strike are disfavored and only will be granted if "it can be shown that no evidence in support of the allegation would be admissible."  *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. N.Y. 1976); *see Crespo v. N.Y. City Transit Auth.*, 2002 U.S. Dist. LEXIS 2977, at *34-35 (E.D.N.Y. Jan. 4, 2002) ("[M]otions to strike are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation.") (citation omitted).  Given the general disfavor courts show Rule 12(f) motions, Defendants must demonstrate three things, that: (1) no evidence in support of the allegations would be admissible; (2) the allegations have no bearing on the issues in the case; and (3) to permit the allegations to stand would result in prejudice to the movant.  *Lynch v. Southampton Animal Shelter Found., Inc.*, 278 F.R.D. 55, 63 (E.D.N.Y. 2011).

In deciding a Rule 12(f) motion, courts view the pleadings in the light most favorable to, and draw all reasonable inferences in favor of, the nonmoving party.  *Id.* at 66; *see also United States v. United States Currency in the Amount of Five Hundred Ninety-Eight Thousand Eight Hundred Twenty Six Dollars*, 2007 U.S. Dist. LEXIS 67938, at *22 (E.D.N.Y. Sept. 13, 2007) (same).  Any "close calls" as to whether evidence supporting allegations would be admissible must be decided in favor of the non-moving party.  *See Lynch*, 278 F.R.D. at 66 (denying

defendants' motion to strike certain allegations because, while it was "a close call" whether they would be admissible at trial, the court was required to make all inferences in favor of the plaintiffs and could not say on the pleadings that the allegations were wholly irrelevant or impertinent). As Judge Spatt has noted, Defendants "will have ample opportunity after discovery to show that these allegations are baseless or irrelevant[.]" *Id.* (citation omitted).

## II.     Plaintiffs' Allegations Are Directly Related To Friedlander's Intent, Knowledge, And Willfulness

The allegations concerning Friedlander's past censures by government agencies for making false claims about supplements are directly relevant to this action. Specifically, these allegations are directly relevant to Plaintiffs' fraud-based causes of action, which have elements of intent, knowledge, or willfulness for which Friedlander's government censures are relevant.

Fraud requires that a plaintiff show scienter, i.e., that the defendant intended to defraud the plaintiff or victim, in order to recover under an action for fraud. *See In re Simon II Litig.*, 2002 U.S. Dist. LEXIS 25632, at *130 (E.D.N.Y. Oct. 22, 2002); *Nails v. S&R, Inc.*, 334 Md. 398, 415 (Md. 1994). Under New York law, negligent misrepresentation requires that the defendant knew that plaintiff would use the information supplied in defendants' representation for a particular purpose. *Eaves v. Designs for Fin., Inc.*, 785 F. Supp. 2d 229, 254 (S.D.N.Y. 2011). Maryland law requires that a "defendant has knowledge that the plaintiff will probably rely on the statement, which, if erroneous, will cause loss or injury" in order to bring a successful negligent misrepresentation claim. *Griesi v. Atlantic Gen. Hosp. Corp.*, 360 Md. 1, 11 (Md. 2000).

In 1985, Friedlander received two separate cease and desist orders from the USPS, and, in 1986, he received a permanent injunction from the Southern District of Florida. FAC ¶¶ 33-35. He received all three government censures because of his actions related to his

marketing of supplements similar to the Zantrex products. *Id.* Indeed, two of the government censures were directly due to his marketing of "weight loss" supplements. *Id.* ¶¶ 33, 35. Given these facts, Defendants' argument that "the manufacture and sale of the products" in paragraphs 33-35 of the Amended Complaint "have absolutely no bearing on Plaintiffs' claims related to Zantrex-3, Fat Burner, and Power Crystal" rings hollow. Defendants' Brief in Support of Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) ("Mot.") at 4-5.

Plaintiffs do not offer these past acts as evidence of Friedlander's character, but to show his knowledge, intent, and willfulness, which are admissible purposes.[5] *See* Fed. R. Civ. P. 404(b)(2) (providing that evidence of a crime, wrong, or other act is "admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"). In *Tuccillo v. Geisha NYC, LLC*, 635 F. Supp. 2d 227 (E.D.N.Y. 2009), Judge Bianco held that the defendants' prior attempt, in an unrelated action, to register a trademark that was virtually identical to another party's trademark was "highly probative" as to whether defendants' intentionally copied the plaintiff's trademark and whether defendants' knowingly made false statements concerning the creation of the defendants' trademark pursuant to Rule 404(b). *Id.* at 237 n.4; *see also Johnson & Johnson Consumer Cos., Inc. v. Aini*, 540 F. Supp. 2d 374, 392 n.31 (E.D.N.Y. 2008) ("history of trademark infringement actions against defendants admissible as evidence of intent and knowledge under Rule 404(b)").

Similarly here, the fact that Friedlander has previously made false representations with respect to the marketing of supplements, including supposed "weight loss" supplements, is evidence that he intended to defraud members of the class by making false representations concerning Zantrex, and did not merely make the false representations by accident or mistake. It

---

[5] The allegations in paragraphs 33-35 are also admissible as impeachment evidence under Federal Rule of Evidence 608(b).

is also evidence that Friedlander knew that Class members would rely on the false representations when purchasing Zantrex, given that he has previously induced victims to purchase his supplements based on false representations and knew it could be successful.  In this same vein, given that Friedlander has already faced repercussions for making false representations, he is undoubtedly aware that false representations concerning supplements are unacceptable.

Defendants also claim that the allegations unfairly prejudice Friedlander as a "naked character attack" under Federal Rule of Evidence 403.  Mot. at 5.  Defendants' argument is meritless.  As explained above, these allegations go directly to Friedlander's knowledge, intent, and willfulness with respect to the sale and marketing of Zantrex.  Moreover, even if Defendants' concerns of undue prejudice had some merit (they do not), the Court could mitigate those concerns by issuing a limiting order.  In any event, given the current stage of litigation, the Court should deny Defendants' motion because the issue could be considered, at best, a "close call."  *See Lynch*, 278 F.R.D. at 66.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' motion.

Dated: July 24, 2014                          Respectfully submitted,

**BURSOR & FISHER, P.A.**


By:    */s/ Joseph I. Marchese*
          Joseph I. Marchese

Scott A. Bursor (SB1141)
Joseph I. Marchese (JM1976)
Yitzchak Kopel (YK5522)
Neal J. Deckant (ND1984)
888 Seventh Avenue
New York, NY 10019
Tel:  (646) 837-7150
Fax:  (212) 989-9163
E-Mail: scott@bursor.com
       jmarchese@bursor.com
       ykopel@bursor.com
       ndeckant@bursor.com

**LEVI & KORSINSKY LLP**
Shane T. Rowley
30 Broad Street, 24th Floor
New York, NY 10004
Tel:  (212) 363-7500
Fax:  (866) 367-6510
E-Mail: srowley@zlk.com

*Attorneys for Plaintiffs*

8