UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------X
                                          :
ASHLEY BRADY and STEPHANIE                :
DALLI CARDILLO, on behalf of              :
themselves and all others similarly situated,  :   13 Civ. 7169 (SJF) (ARL)
                                          :
            Plaintiffs,                   :
                                          :
        -against-                         :
                                          :
BASIC RESEARCH, L.L.C., ZOLLER            :
LABORATORIES, L.L.C., NICOLE E.           :
POLIZZI a/k/a SNOOKI, DENNIS W.           :
GAY, DANIEL B. MOWREY, and                :
MITCHELL K. FRIEDLANDER,                  :
                                          :
            Defendants.                   :
------------------------------------------X

**BRIEF OF DEFENDANTS BASIC RESEARCH, LLC,
ZOLLER LABORATORIES, LLC, DENNIS W. GAY, MITCHELL
K. FRIEDLANDER, AND NICOLE E. POLIZZI IN SUPPORT OF
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Daniel A. Schnapp
FOX ROTHSCHILD LLP
100 Park Avenue, 15th Floor
New York, New York 10017
(212) 878-7900
(F) (212) 692-0940

Stephanie Resnick
Gerald E. Arth (admitted *pro hac vice*)
Ryan T. Becker (admitted *pro hac vice*)
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
(215) 299-2000
(F) (215) 299-2150

Ronald F. Price (admitted *pro hac vice*)
Jason Kerr (admitted *pro hac vice*)
PRICE PARKINSON & KERR, PLLC
5742 West Harold Gatty Drive

Salt Lake City, UT 84116
(801) 530-2932
(F) (801) 530-2932

*Attorneys for Defendants Basic Research, LLC,*
*Zoller Laboratories, LLC,*
*Dennis W. Gay, and Mitchell K. Friedlander*

Henninger S. Bullock
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 506-2500
(F) (212) 262-1910

*Attorneys for Defendant Nicole E. Polizzi*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................. 1

FACTUAL BACKGROUND / PROCEDURAL HISTORY ................................. 2

ARGUMENT .................................................................................................... 5

    I.       APPLICABLE LEGAL STANDARDS ..................................................... 5

           A.     Motion to Dismiss for Lack of Subject Matter Jurisdiction ...................... 5

           B.     Mootness ................................................................................ 6

           C.     Rule 68 Offer Of Judgment ...................................................... 7

    II.      DEFENDANTS' OFFER OF JUDGMENT AFFORDING PLAINTIFFS
           COMPLETE RELIEF ON THEIR REMAINING CLAIMS MOOTS THIS
           CASE AND DIVESTS THE COURT OF SUBJECT MATTER
           JURISDICTION ............................................................................ 7

           A.     This Court's *Rexall* Decision ................................................. 7

                 (1)    Relevant Supreme Court precedent ................................ 8

                 (2)    Relevant Second Circuit precedent ................................ 9

                 (3)    District courts split ....................................................... 11

                 (4)    This Court's analysis in *Rexall* .................................... 11

           B.     The *Rexall* Analysis Applies Here With Equal Force And Compels
                Dismissal Of Plaintiffs' Remaining Claims ............................. 13

CONCLUSION .............................................................................................. 17

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*ABN Amro Verzekeringen BV v. Geologistics Amer., Inc.*,
    485 F.3d 85 (2d Cir. 2007)................................................................................10

*Abrams v. Interco, Inc.*,
    719 F.2d 23 (2d Cir. 1983)...........................................................................9, 10

*Amidax Trading Grp. v. S.W.I.F.T. SCRL*,
    671 F.3d 140 (2d Cir. 2011)...............................................................................6

*Arizonians for Official English v. Arizona*,
    520 U.S. 43 (1997)..............................................................................................6

*Atl. Mut. Ins. Co. v. Balfour McLaine Int'l Ltd.*,
    968 F.2d 196 (2d Cir. 1992)...............................................................................6

*Beautiful Home Textiles (USA), Inc. v. Burlington Coat Factory Warehouse
Corp.*, No. 13-cv-1725, 2014 WL 4054240 (S.D.N.Y. Aug. 15, 2014) ................................16

*Cabala v. Crowley*,
    736 F.3d 226 (2d Cir. 2013)........................................................................10, 12

*Clearview Concrete Prods. Corp. v. S. Charles Gherardi, Inc.*,
    453 N.Y.S.2d 740 (2d Dep't 1982)...................................................................14

*Cnty. of Los Angeles v. Davis*,
    440 U.S. 625 (1979)............................................................................................6

*Comer v. Cisneros*,
    37 F.3d 775 (2d Cir. 1994)...............................................................................12

*Deposit Guar. Nat'l Bank v. Roper*,
    445 U.S. 326 (1980)............................................................................................8

*Doyle v. Midland Credit Mgmt., Inc.*,
    722 F.3d 78 (2d Cir. 2013)..........................................................................10, 12

*Fox v. Bd. of Trs. of State Univ. of N.Y.*,
    42 F.3d 135 (2d Cir. 1994).................................................................................6

*Genesis Healthcare Corp. v. Symczyk*,
    133 S. Ct. 1523 (2013) ............................................................................. *passim*

*JSG Trading Corp. v. Tray-Wrap, Inc.*,
    917 F.2d 75 (2d Cir. 1990)..................................................................................16

*Lary, Jr., M.D. v. Rexall Sundown, Inc.*,
    No. 13-cv-5769 (SJF), 2015 WL 590301 (E.D.N.Y. Feb. 10, 2015).............................. *passim*

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000)..............................................................................5, 6

*Marek v. Chesny*,
    473 U.S. 1 (1985).................................................................................................7

*McCauley v. Trans-Union, L.L.C.*,
    402 F.3d 340 (2d Cir. 2005).............................................................................10

*Pulte Home Corp. v. Parex, Inc.*,
    942 A.2d 722 (Md. 2008) ..................................................................................14

*Simon v. Eastern KY Welfare Rights Org.*,
    426 U.S. 26 (1976)...............................................................................................5

*Small v. Lorillard Tobacco Co.*,
    720 N.E.2d 892 (N.Y. 1999)...............................................................................3

*Tomasino v. The Estee Lauder Cos., Inc.*,
    44 F. Supp. 3d 251, 255-56 (2014) ...................................................................17

*Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464 (1982).............................................................................5

STATUTES

Magnuson-Moss Warranty Act...........................................................................*passim*

OTHER AUTHORITIES

U.S. CONST., ART. III, § 2 ....................................................................................5

Fed. R. Civ. P. 12 ...............................................................................................*passim*

Fed. R. Civ. P. 68 ...............................................................................................*passim*

Fed. R. Civ. P. 23 .........................................................................................9, 11, 12

Remaining defendants Basic Research, LLC, Zoller Laboratories, LLC, Dennis W. Gay, Mitchell K. Friedlander, and Nicole E. Polizzi (collectively, "Defendants") submit this memorandum of law, accompanied by the Declaration of Gerald E. Arth ("Arth Decl.") and the Declaration of Matthew Draper ("Draper Decl."), in support of their motion to dismiss the first amended complaint ("FAC") of plaintiffs Ashley Brady and Stephanie Dalli Cardillo (collectively, "Plaintiffs") for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

**PRELIMINARY STATEMENT**

A bedrock principle of constitutional law is that absent a live case or controversy, a federal court does not have subject matter jurisdiction to hear a case.  If that defect arises at any time in a litigation, a suit is subject to dismissal.  Such is the case here.

After this Court dismissed almost all of Plaintiffs' claims in this putative class action – leaving only breach of warranty claims related to the sale of certain dietary supplements – Defendants made an offer of judgment pursuant to Fed. R. Civ. P. 68, allowing Plaintiffs to enter a judgment against Defendants for *more* than what they could otherwise receive for their individual claims, along with costs incurred and reasonable attorneys' fees on the one claim allowing for such a recovery.  Plaintiffs did not accept that offer.

Just a few months ago, this Court decided the same issue presented here, holding that when an offer of judgment fully satisfying a plaintiff's claims is made before decision on any motion for class certification, the case is moot and subject to dismissal for lack of subject matter jurisdiction.  Plaintiffs lose their individual stake in the outcome of the proceeding where they have been offered a full and complete recovery.

1

This Court's prior analysis applies with equal effect here and requires the same result. Since Plaintiffs have been afforded complete relief, this Court should enter judgment according to the Defendants' Rule 68 offer and dismiss the case for lack of subject matter jurisdiction.

## FACTUAL BACKGROUND / PROCEDURAL HISTORY

Plaintiffs bring this purported class action against Defendants for their alleged roles in the manufacturing, distributing, and marketing of three different dietary supplements: Zantrex®-3, Zantrex®-3 High Energy Fat Burner ("Fat Burner"), and Zantrex®-3 Power Crystals ("Power Crystals"). *See* Arth Decl. Ex. A (FAC) at ¶ 1. Plaintiff Brady allegedly purchased a bottle of Zantrex-3 from a CVS pharmacy in New York in late 2010, supposedly relying on representations that it would help her lose weight. *See id.* at ¶ 16. Plaintiff Brady does not allege how much she paid for the Zantrex-3, *see id.*, but the maximum price of the Zantrex-3 Brady claims she bought could not have been more than $49.99. *See* Draper Decl. at ¶¶ 5-6. Plaintiff Cardillo alleges that she purchased a bottle of Fat Burner on July 15, 2013 from the website amazon.com for $24.94, also supposedly relying on representations that the product would help provide rapid fat loss. *See* Arth Decl. Ex. A (FAC) at ¶ 17.

At its core, the FAC alleges that Zantrex-3, Fat Burner, and Power Crystals are ineffective at causing weight loss or fat loss. *See id.* ¶ 7. Plaintiffs originally asserted causes of action for violation of the Magnuson-Moss Warranty Act ("MMWA"), *see id.* at ¶¶ 140-50; breach of express warranty, *see id.* at ¶¶ 151-57; violation of New York General Business Law § 349, *see id.* at ¶¶ 158-64; negligent misrepresentation, *see id.* at ¶¶ 165-71; fraud, *see id.* at ¶¶ 172-77; unjust enrichment, *see id.* at ¶¶ 178-83; and violation of the Maryland Consumer Protection Act. *See id.* at ¶¶ 184-94.

Defendants moved to dismiss the FAC on numerous different grounds, which Plaintiffs opposed. *See* Dkt. Nos. 29-44. By order dated March 31, 2015 (the "MTD Order"), this Court dismissed the bulk of Plaintiffs' claims. *See* MTD Order at 1-2 (Dkt. No. 47).[1]

First, this Court dismissed all claims of plaintiff Brady against defendant Polizzi for lack of Article III standing since Brady did not plead that she relied on Polizzi's advertisements when purchasing Zantrex-3. *See id.* at 11.

Second, this Court dismissed Brady's New York General Business Law § 349 claim based on the Court of Appeals' decision in *Small v. Lorillard Tobacco Co.*, 720 N.E.2d 892 (N.Y. 1999), which prohibits claims asserting the alleged deception as both act and injury. *See* MTD Order at 25-26. This Court also held that the § 349 claim was deficient because the Zantrex packaging "does not represent that the product is safe and cannot, therefore, amount to a material misrepresentation as a matter of law." *Id.* at 26.

Third, this Court dismissed plaintiff Cardillo's claim under the Maryland Consumer Protection Act, holding that Zantrex did not represent that it was safe, so Cardillo could not have relied on a statement Defendants never made. *See id.* at 26-27. Further, this Court ruled that the packaging on the products is not fraudulent. *See id.* at 27.

Fourth, this Court dismissed Plaintiffs' common-law fraud and negligent misrepresentation claims under both New York and Maryland law because Defendants did not make any false representations. *See id.* at 27-28.

---

[1] In the MTD Order, this Court also denied a motion to strike certain allegations contained in the FAC related to Friedlander, *see* MTD Order at 4-6; denied a motion to dismiss for lack of subject matter jurisdiction related to Plaintiffs' lack of standing to assert claims regarding Power Crystals, which neither Plaintiff purchased, *see* MTD Order at 8-10; denied the motions of Gay and Friedlander to dismiss for lack of personal jurisdiction, *see* MTD Order at 14-16,18-19; and granted Mowrey's motion to dismiss for lack of personal jurisdiction. *See* MTD Order at 16-18.

Fifth, this Court dismissed Plaintiffs' unjust enrichment claims under New York and Maryland law. *See id.* at 28-29. The New York claim was dismissed because it was duplicative of the breach of express warranty claim, while the Maryland claim was deficient because Cardillo received the product she purchased. *See id.*

This Court also denied Plaintiffs' request to amend the FAC, holding, "Plaintiffs' dismissed claims is are [sic] either barred as a matter of law or are not actionable based upon the facts and, thus, leave to replead will not cure the defects." *Id.* at 29.

The *only* claims surviving Defendants' motions are Plaintiffs' breach of express warranty claims brought under the MMWA as well as New York and Maryland law. *See id.* at 21-24. As this Court made clear in its ruling, the MMWA does not create its own separate private right of action or right to recovery, but merely incorporates existing state law standards for liability and damages. *See id.* at 22. This Court held that Plaintiffs adequately alleged that Defendants violated the terms of the MMWA because they issued written warranties in connection with the sale of Zantrex-3, Fat Burner, and Power Crystals that are allegedly false and misleading. For the same reasons, this Court sustained the breach of warranty claims under New York law against all Defendants except Polizzi (as Brady's New York claims against her were all dismissed) and against all Defendants under Maryland law. *See id.* at 23-24.

With only breach of warranty claims remaining, Defendants on April 10, 2015 made an offer of judgment pursuant to Fed. R. Civ. P. 68 to Plaintiffs. *See* Arth Decl. at Ex. B. The offer was neither an admission of liability nor an admission that Plaintiffs suffered any damages. *See id.* By its express terms, the offer was "intended to fully and finally resolve all of Plaintiffs' remaining claims in this case," *id.*, and allowed judgment to be taken against Defendants on the following terms:

1.　　As to Count I of the FAC (Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*), in the amount of $100 in favor of each of the Plaintiffs, together with the costs of the action incurred through the date of the offer and reasonable attorney's fees (based on the actual time expended) to be determined by the Court;

2.　　As to Count II of the FAC (Breach of Express Warranty), in the amount of $100 in favor of each of the Plaintiffs, together with the costs of the action incurred through the date of the offer.

Arth Decl. Ex. B.  After initially sending the offer of judgment by electronic mail to Plaintiffs' counsel, *see id.*, Defendants also served a copy of the offer of judgment by certified mail on April 14, 2015.  *See* Arth Decl. Ex. C.

Plaintiffs have not accepted Defendants' offer of judgment.  *See* Arth Decl. at ¶ 5.

## ARGUMENT

## I.　APPLICABLE LEGAL STANDARDS

### A.　Motion to Dismiss for Lack of Subject Matter Jurisdiction

Article II, § 2 of the United States Constitution limits the authority of federal courts to hearing only actual "Cases" or "Controversies."  U.S. CONST., ART. III, § 2; *see also Simon v. Eastern KY Welfare Rights Org.*, 426 U.S. 26, 37 (1976) ("No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.").  This fundamental principle "restricts the authority of federal courts to resolving 'the legal rights of Litigants in actual controversies.'"  *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (quoting *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982)).

A party may move to dismiss a complaint for lack of subject matter jurisdiction if there is no actual case or controversy providing a basis for the court to afford relief.  *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *Lary, Jr., M.D. v. Rexall Sundown, Inc.*, No. 13-

cv-5769 (SJF), 2015 WL 590301 at *2 (E.D.N.Y. Feb. 10, 2015) (Feuerstein, J.).  While certain defenses are waived if not asserted when making an initial motion under Rule 12, *see* Fed. R. Civ. P. 12(h)(1), a lack of subject matter jurisdiction is never waived.  "If the court determines *at any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action."  Fed. R. Civ. P. 12(h)(3) (emphasis added).

When faced with a motion to dismiss for lack of subject matter jurisdiction, a plaintiff can prevail only by alleging facts "that affirmatively and plausibly suggest that it has standing to sue."  *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011).  When considering such a motion, while the court accepts as true the material allegations of fact in the complaint, *see Atl. Mut. Ins. Co. v. Balfour McLaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992), the court is permitted to consider other materials outside the confines of the pleadings.  *See Makarova*, 201 F.3d at 113.

### B.    Mootness

"A corollary to [the] case-or-controversy requirement is that 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'"  *Genesis Healthcare*, 133 S. Ct. at 1528 (quoting *Arizonians for Official English v. Arizona*, 520 U.S. 43, 67 (1997)).  If the parties have no "'legally cognizable interest in the outcome'" of the litigation, then a case is moot and a court lacks subject matter jurisdiction to adjudicate the matter.  *See Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994) (quoting *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)).  If something occurs during the course of a lawsuit that serves to remove a plaintiff's personal interest in the outcome of the action, "the action can no longer proceed and must be dismissed as moot."  *Genesis Healthcare*, 133 S. Ct. at 1528.

C.     **Rule 68 Offer Of Judgment**

Federal Rule of Civil Procedure 68 was meant to "encourage settlement and avoid

litigation." *Marek v. Chesny*, 473 U.S. 1, 5 (1985).  In relevant part, Rule 68 provides:

> At least 14 days before the date set for trial, a party defending against a
> claim may serve on an opposing party an offer to allow judgment on
> specified terms, with the costs then accrued.  If, within 14 days after being
> served, the opposing party serves written notice accepting the offer, either
> party may then file the offer and notice of acceptance, plus proof of
> service.  The clerk must then enter judgment.

Fed. R. Civ. P. 68(a).  An unaccepted offer is considered withdrawn.  *See* Fed. R. Civ. P. 68(b).

II.    **DEFENDANTS' OFFER OF JUDGMENT AFFORDING PLAINTIFFS
       COMPLETE RELIEF ON THEIR REMAINING CLAIMS MOOTS THIS
       CASE AND DIVESTS THIS COURT OF SUBJECT MATTER JURISDICTION**

By virtue of the offer of judgment made by Defendants affording Plaintiffs complete

relief on their breach of warranty claims – the only claims this Court did not dismiss previously –

Defendants have mooted the remainder of Plaintiffs' case, thereby depriving Plaintiffs of any

ongoing personal stake in the litigation.  The lack of an actual controversy warrants dismissal of

the case.  Just three months ago, this Court considered this identical issue and ruled that an

unaccepted offer of judgment for complete relief mooted a purported class action case and

required dismissal of the suit.  That same result is required here.

A.     **This Court's *Rexall* Decision**

In *Rexall*, this Court confronted the same question it faces here:  Does an offer of

judgment for complete relief, made prior to a class certification decision, serve to moot a

plaintiff's case and divest a court of subject matter jurisdiction?  This Court held that the answer

to that question is a resounding yes.

*Rexall* was a putative class action brought under the Telephone Consumer Protection Act

of 1991 ("TCPA") as amended by the Junk Fax Protection Act ("JFPA") of 2005.  *See Rexall*,

2015 WL 590301 at *1.  Defendant, a marketing company, maintained a database of physicians to which it sent advertisements via fax machines, and sent an unsolicited fax to plaintiff and 40 other recipients offering free samples of a dietary supplement.  *See id.*  The fax to plaintiff allegedly did not contain an opt-out notice required by the JFPA.  *See id.*

After answering plaintiff's amended complaint, defendant served plaintiff an offer of judgment in the amount of $3,500.  *See id.* at *2.  Approximately two weeks later, plaintiff responded by filing a motion for class certification.  Shortly thereafter, defendant brought a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) in light of the unaccepted offer of judgment.  *See id.*

In reaching its decision, this Court engaged in a thorough analysis of relevant caselaw on whether an unaccepted offer of judgment can moot a putative class action, thus depriving a court of subject matter jurisdiction.  The same analysis applies here and compels a similar result.

*(1) Relevant Supreme Court precedent*

In *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326 (1980), the Supreme Court first addressed the issue of whether a defendant can "pick[] off a named plaintiff by making an offer of judgment prior to certification of a proposed class."  *See Rexall*, 2015 WL 590301 at *3 (citing *Roper*, 445 U.S. at 327-28).  In *Roper*, the district court denied class certification but certified an interlocutory appeal, after which defendants made an offer of judgment for the maximum amount the named plaintiffs could recover.  *See Roper*, 445 U.S. at 329-30.  The Supreme Court held that defendants' offer of judgment (which was entered by the district court) could not moot plaintiffs' case because plaintiffs still had an interest in the appeal of the adverse certification ruling.  *See id.* at 339-40.  In a footnote, the *Roper* Court explained that "difficult questions arise as to what, if any, are the named plaintiffs' responsibilities to the putative class prior to certification."  *Id.* at 340 n.12.

8

In *Genesis Healthcare*, the Supreme Court reviewed whether a collective action under the

Fair Labor Standards Act brought on behalf of similarly situated employees "remains justiciable

when the lead plaintiff's individual claim becomes moot." *See Rexall*, 2015 WL 590301 at *4

(citing *Genesis Healthcare*, 133 S. Ct. at 1526). The district court dismissed the case for lack of

subject matter jurisdiction after an offer of judgment was made. *See Genesis Healthcare*, 133

S.Ct. at 1527. While the Supreme Court noted a circuit split on the issue of whether an

unaccepted offer of judgment affording plaintiffs complete relief moots the case, it did not

decide the question because it was not properly preserved for review. *See id.* at 1528-29. The

Court did hold that the inclusion of collective action claims in the complaint did not give

plaintiffs a personal stake in representing the unnamed potential class members, ultimately

concluding that the case was properly dismissed for lack of subject matter jurisdiction. *See id.* at

1529, 1532.

      *(2)    Relevant Second Circuit precedent*

In *Rexall*, this Court noted, "The Second Circuit has not definitively ruled on whether an

unaccepted Rule 68 offer made prior to the filing of a Rule 23 or collective action certification

motion or while one is pending, moots a case." *Rexall*, 2015 WL 590301 at *4. This Court

nonetheless discussed a number of cases that shed light onto the determination of the issue.

In *Abrams v. Interco, Inc.*, 719 F.2d 23 (2d Cir. 1983), a putative class action asserting

antitrust claims, the district court denied class certification. Defendants then made an offer of

judgment, which plaintiffs declined. *See id.* at 25-26. After defendants moved to dismiss for

lack of subject matter jurisdiction, the district court granted the motion and directed the parties to

"settle judgment" – which included attorneys' fees – and if they could not agree on attorneys'

fees, the court would set them. *See id.* at 25-26. The Second Circuit affirmed the dismissal,

explaining that only plaintiffs' individual claims remained and noting defendants offered to pay

more than the individuals could possibly recover.  *See id.* at 32.  The Second Circuit

distinguished the case from one "in which class certification has been granted and the defendant

then seeks to oust the individual plaintiffs as representatives by paying their claims."  *See id.*

The Second Circuit instead likened it to a scenario where a defendant essentially allowed a

default judgment to be entered against it.  *See id.*

In *McCauley v. Trans-Union, L.L.C.*, 402 F.3d 340 (2d Cir. 2005), the Second Circuit, in

considering a district court dismissal (without an entry of judgment) after a Rule 68 offer to pay

the damages sought in the complaint, held that a dismissal without an obligation by defendant to

actually pay plaintiff was improper, and reversed and remanded for the limited purpose of having

the district court enter a default judgment against defendant.  *See id.* at 340-42.  As the Second

Circuit held, when "defendant has thus thrown in the towel, there is nothing left for the district

court to do except enter judgment.  The absence of a controversy in the constitutional sense

precludes the court from issuing an opinion on whether the defendant actually violated the law."

*Id.* at 342 (internal quotation and citation omitted).

The Second Circuit also has made clear that if an offer of judgment is not for the full

amount of damages sought, then the case is not moot.  *See Rexall*, 2015 WL 590301 at *6 (citing

*ABN Amro Verzekeringen BV v. Geologistics Amer., Inc.*, 485 F.3d 85, 95 (2d Cir. 2007)).

Nevertheless, "an offer need not comply with Federal Rule of Civil Procedure 68 in order to

render a case moot under Article III," *Rexall*, 2015 WL 590301 at *6 (quoting *Doyle v. Midland

Credit Mgmt., Inc.*, 722 F.3d 78, 81 (2d Cir. 2013)), but an informal settlement offer that does

not fully resolve the case cannot moot a plaintiff's case.  *Rexall*, 2015 WL 590301 at *7 (citing

*Cabala v. Crowley*, 736 F.3d 226, 227-31 (2d Cir. 2013)).

(3)     *District courts split*

*Rexall* also recognized that district courts within the Second Circuit have split on the

issue of whether a Rule 68 offer of judgment made prior to either a class certification motion's

being filed or decided moots an individual's claim, noting that courts have taken different paths

depending on the procedural posture of the case and the status of a certification motion or

decision.  *Rexall*, 2015 WL 590301 at *8 (collecting cases).  In putative class actions under the

Fair Debt Collection Practices Act, for instance, how a Rule 68 offer has been viewed depends

on its timing relative to a Rule 23 motion for class certification.  *See Rexall*, 2015 WL 590301 at

*9.  Some courts have denied motions to dismiss for lack of subject matter jurisdiction when a

class certification motion is pending, while others have denied motions to dismiss even before a

class certification motion is filed unless plaintiff had a reasonable time to move for certification,

"despite the fact that there is no statutory basis for this position."  *Id.* at *9-10.  Yet other courts

have not hesitated to dismiss cases in light of a Rule 68 offer regardless of whether the plaintiff

had filed a motion for class certification or even had a reasonable time to do it.  *See id.* at *11.

(4)     *This Court's analysis in Rexall*

In *Rexall*, notwithstanding plaintiff's having filed a motion for class certification, this

Court held that the case should be dismissed for lack of subject matter jurisdiction and judgment

entered in favor of plaintiff in light of the Rule 68 offer.  *See Rexall*, 2015 WL 590301 at *14.

First, this Court rebuffed plaintiff's argument that defendant forfeited its right to move to

dismiss under Fed. R. Civ. P. 12(b)(1) because it previously filed an answer to the complaint.

*See id.* at *12.  While noting that where a defendant has filed an answer, Fed. R. Civ. P. 12(h)(3)

is technically the correct vehicle for challenging subject matter jurisdiction, this Court explained

that "the distinction between a Rule 12(b)(1) motion and Rule 12(h)(3) motion is largely

academic, and the same standards are applicable to both types of motions." *Id.* (internal quotation and citation omitted).

Second, this Court rejected plaintiff's argument that an unaccepted Rule 68 offer cannot moot a case. "Subsequent to *Genesis Healthcare*, and as discussed above, the Second Circuit has also held that an unaccepted offer, accounting for all the relief a plaintiff could obtain, was sufficient basis to dismiss the case for lack of subject matter jurisdiction." *Id.* (citing *Doyle*, 722 F.3d at 80). As this Court recognized, "[T]he typically proper disposition in such a situation is for the district court to enter judgment against the defendant for the proffered amount and to direct payment for the plaintiff consistent with the offer." *Rexall*, 2015 WL 590301 at *12 (quoting *Cabala*, 736 F.3d at 228).

Third, plaintiff's argument that he had a continuing interest in representing the putative class fared no better. As this Court noted, the Second Circuit has held that "in general, if the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot." *Rexall*, 2015 WL 590301 at *12 (quoting *Comer v. Cisneros*, 37 F.3d 775, 798 (2d Cir. 1994)). Moreover, prior to certification, there is no class, and the putative class members are not part of the case. *See Rexall*, 2015 WL 590301 at *12. As this Court concluded, "when a plaintiff's claim is mooted prior to conditional or class certification, he has no continuing interest in the lawsuit." *Id.* Further, "[i]t is well settled that Rule 68 applies to class actions. . . . Therefore, a Rule 68 offer may be made up until the time a court grants or denies a Rule 23 motion." *Id.* at *13.

Nor was this Court concerned with the notion of a defendant's avoiding a class action by making a Rule 68 offer prior to class certification, as individual plaintiffs always have the ability to vindicate their rights by pursuing their own claims. *See id.* ("'putative plaintiffs remain free to

vindicate their own rights in their own suits" and such plaintiffs 'are no less able to have their claims settled or adjudicated' following a proposed class action than if the putative class lawsuit 'had never been filed at all'") (quoting *Genesis Healthcare*, 133 S. Ct. at 1531).

Ultimately, this Court concluded that the case must be dismissed:

> This Court finds that the question is one which should be resolved in favor of defendants unless and until Congress provides legislation to clearly state a procedure which (a) denies defendants the opportunity to make a Rule 68 offer for a stated period; or (b) requires plaintiffs to move for class certification within a specified period. Based upon the foregoing and the fact that plaintiff's motion for class certification has not been determined, [defendant's] pre-certification offer, which provides all the relief plaintiff could recover, moots plaintiff's claim.

*Id.* at *14.

**B.    The *Rexall* Analysis Applies Here With Equal Force And Compels Dismissal Of Plaintiffs' Remaining Claims**

For all of the reasons set forth in this Court's thorough analysis in *Rexall*, this Court should dismiss the remainder of Plaintiffs' case for lack of subject matter jurisdiction and enter judgment in favor of Plaintiffs in accordance with Defendants' Rule 68 offer of judgment.

The only surviving claims after the Court's MTD Order are breach of warranty claims under the MMWA, and New York and Maryland common law. As this Court noted in the MTD Order, the MMWA "merely incorporates and federalized state-law breach of warranty claims, including state-law standards for liability and damages." MTD Order at 22 (internal quotation and citation omitted). Therefore, New York and Maryland state law set the parameters for the maximum amount a plaintiff can recover on a breach of warranty claim. The MMWA also provides that a successful plaintiff may be allowed to recover attorneys' fees and costs "based on actual time expended" as "determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the

court in its discretion shall determine that such an award of attorneys' fees would be inappropriate." 15 U.S.C. § 2310(d)(2).

Under New York law, the proper measure of damages recoverable for a breach of warranty claim is determined by the benefit-of-the bargain rule. *See Spencer Trask Software and Info. Srvcs. LLC, RPost Int'l Ltd.*, 383 F. Supp. 2d 428, 462 n.19 (S.D.N.Y. 2003) ("the Court notes that the damages for a breach of warranty claim are measured by the "'benefit of the bargain' standard") (citing *Clearview Concrete Prods. Corp. v. S. Charles Gherardi, Inc.*, 453 N.Y.S.2d 740, 756 (2d Dep't 1982) (benefit of bargain rule measures damages as "the difference between the actual value of the property and the value which it would have been absent the breach")). Similarly, under Maryland law, damages for breach of warranty are measured by "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been warranted, unless special circumstances show proximate damages in a different amount." *Pulte Home Corp. v. Parex, Inc.*, 942 A.2d 722, 732 (Md. 2008).

In the FAC, Plaintiffs make clear that the amount of damages they sustained in this action are tied only to their respective purchases of Zantrex-3 and Fat Burner. *See* Arth Ex. A (FAC) at ¶ 150 (pleading with respect to MMWA claim that "Plaintiffs and Class Members were injured as a direct and proximate result of Defendants' breach because they would not have purchased Zantrex products if the true facts had been known concerning their safety and efficacy"); ¶ 157 (pleading with respect to breach of express warranty claim that "Plaintiffs and Class Members were injured as a direct and proximate result of Defendants' breaches because they would not have purchased Zantrex products if the true facts concerning their safety and efficacy had been known"). Therefore, the *absolute most* Plaintiffs could ever recover on their individual warranty

14

claims (apart from attorneys' fees under the MMWA) is the purchase price of the products, even assuming *arguendo* that the value of the product each actually received is zero.

In the FAC, plaintiff Cardillo claims she paid $24.94 for her bottle of Fat Burner. *See* Arth Decl. Ex. A (FAC) at ¶ 17. While plaintiff Brady does not plead how much she paid for the bottle of Zantrex-3 she allegedly purchased from a CVS pharmacy in late 2010, *see id.* at ¶ 16, the retail price for a bottle of Zantrex-3 sold at CVS pharmacies in New York in 2010 varied from approximately $19.99 to $49.99 depending on the date purchased and the size of the product purchased. *See* Draper Decl. at ¶ 5. Therefore, the Zantrex-3 Brady allegedly purchased could not have been more than $49.99. *See id.* at ¶ 6.

To avoid all doubt and to ensure that Plaintiffs received complete relief (and then some) for their warranty claims, Defendants' Rule 68 offer of judgment would pay each Plaintiff $100 each for their MMWA claims, together with costs incurred through the date of the offer and an amount of reasonable attorneys' fees as established by the Court (based on the actual time expended on the warranty claims), and $100 each for their state law breach of warranty claims, together with costs incurred through the date of the offer. *See* Arth Decl. at Ex. B. Defendants made their offer of judgment to Plaintiffs before any motion for class certification was filed and, in fact, no motion for class certification is pending before this Court.

Since this Court has not even been presented with a class certification motion, let alone decided one, and since the Rule 68 offer of judgment provides Plaintiffs with "all the relief" they could recover, Plaintiffs claims are now moot. *See Rexall*, 2015 WL 590301 at *14. Accordingly, the proper course of action is for this Court to grant Defendants' motion to dismiss, enter judgment for the Plaintiffs on the terms set forth in Defendants' Rule 68 offer, and

schedule a hearing on the issue of the amount of reasonable attorneys' fees (if any) Plaintiffs can recover under the MMWA.  *See id.* at *12.

Finally, to the extent Plaintiffs might try to avoid dismissal by arguing that the Rule 68 offer of judgment did not fully satisfy their claims because they request injunctive relief, that argument cannot survive a reading of their own FAC.  The only reference to injunctive relief contained in the FAC's 195 paragraphs is a single line at the end, where Plaintiffs include a generic, catch-all request "for injunctive relief *as pleaded* or as the Court may deem proper." Arth Decl. Ex. A (FAC) at ¶ 195(g) (emphasis added).  Of course, the evident problem with that request is no injunctive relief is pleaded in the FAC, and certainly not any with respect to the breach of express warranty claims.  *See, e.g.*, Arth Decl. Ex. A (FAC) at ¶¶ 140-57.[2]

Moreover, no injunctive relief is even possible for Plaintiffs' warranty claims.  First, Plaintiffs have an adequate remedy at law, and in fact are seeking money damages as compensation for their supposed injuries, *see id.* at ¶ 195(d), and therefore injunctive relief is unavailable.  *See Beautiful Home Textiles (USA), Inc. v. Burlington Coat Factory Warehouse Corp.*, No. 13-cv-1725, 2014 WL 4054240 at *7-8, 13 (S.D.N.Y. Aug. 15, 2014) (dismissing claims seeking injunctive relief because it is "settled law that when an injury is compensable through money damages there is no irreparable harm" and without irreparable harm no injunction can issue) (citing *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79 (2d Cir. 1990)).  Second, Plaintiffs lack standing to pursue injunctive relief because they make clear in their own pleading that they are unlikely to purchase Zantrex-3 products ever again.  *See* Arth Decl. Ex. A (FAC) at ¶¶ 150, 157 (Plaintiffs would not have bought "Zantrex products if the true

---

[2] This Court has already denied Plaintiffs' request for another crack at amending their pleading, so the FAC is the final operative pleading in this matter.  *See* MTD Order at 29.

facts had been known" about its safety and effectiveness).  This lack of future harm is fatal to any attempt to seek injunctive relief.  *See Tomasino v. The Estee Lauder Cos., Inc.*, 44 F. Supp. 3d 251, 255-56 (2014) (holding plaintiff in putative class action lacks standing to pursue injunctive relief because complaint's allegations of supposed fraudulent nature of advertising for products shows she will unlikely purchase them again in future).   Bringing those claims on behalf of a purported class does not alter the result, since named plaintiffs must have personally suffered the injury sought to be redressed – they cannot acquire standing through the alleged class.  *See id.*

**CONCLUSION**

Plaintiffs' only remaining claims in this matter have been mooted in light of Defendants' Rule 68 offer of judgment, meaning there is no longer an actual case or controversy that would constitutionally permit this Court to continue to exercise subject matter jurisdiction.  Defendants respectfully request that the Court enter judgment in favor of Plaintiffs for $200 each, together with costs incurred in this action, conduct a hearing on the reasonable amount of attorneys' fees (if any) recoverable for Plaintiffs' MMWA claim, and grant Defendants' motion to dismiss the case for lack of subject matter jurisdiction.

Dated: May 12, 2015
       New York, New York

                              Respectfully submitted,

                               /s/ Gerald E. Arth
                              Daniel A. Schnapp
                              FOX ROTHSCHILD LLP
                              100 Park Avenue, 15th Floor
                              New York, New York 10017
                              (212) 878-7900
                              (F) (212) 692-0940

                              Stephanie Resnick
                              Gerald E. Arth (admitted *pro hac vice*)
                              Ryan Becker (admitted *pro hac vice*)

17

FOX ROTHSCHILD LLP
2000 Market Street
20th Floor
Philadelphia, PA 19103-3222
(215) 299-2000
(F) (215) 299-2150

Ronald F. Price (admitted *pro hac vice*)
Jason Kerr (admitted *pro hac vice*)
PRICE PARKINSON & KERR, PLLC
5742 West Harold Gatty Drive
Salt Lake City, UT 84116
(801) 530-2932
(F) (801) 530-2932

*Attorneys for Defendants Basic Research,*
*LLC, Zoller Laboratories, LLC, Dennis*
*W. Gay, and Mitchell K. Friedlander*

Henninger S. Bullock
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 506-2500
(F) (212) 262-1910

*Attorneys for Defendant Nicole E. Polizzi*