

2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Tel 215.299.2000  Fax 215.299.2150
www.foxrothschild.com

GERALD E. ARTH
Direct Dial: 215-299-2720
Email Address: GArth@Foxrothschild.com

January 21, 2016

**VIA ECF AND FEDEX PRIORITY OVERNIGHT**

The Honorable Sandra J. Feuerstein
United States District Judge
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722-4451

Re: *Brady, et al. v. Basic Research, LLC, et al.*, **Case No. 2:13-cv-07169-SJF-ARL (E.D.N.Y.)**

Dear Judge Feuerstein:

We represent defendants Basic Research, LLC, Zoller Laboratories, LLC, Dennis W. Gay and Mitchell K. Friedlander (collectively, the "Basic Research Defendants"). We write regarding yesterday's decision by the United States Supreme Court in *Campbell-Ewald Co. v. Gomez*, No. 14-857, 2016 WL 228345 (U.S. Jan. 20, 2016),[1] in which the Court held that an unaccepted Rule 68 offer of judgment, without more, does not moot a plaintiff's case. *See* Ex. A at 11.

Of critical importance to the case pending before this Court, the *Gomez* opinion does nothing to undermine the pending Motion to Dismiss for Lack of Subject Matter Jurisdiction (the "MTD") brought by the Basic Research Defendants and defendant Nicole E. Polizzi (collectively, "Defendants").[2] In fact, *Gomez* actually affirms the approach this Court took in *Lary, Jr., M.D. v. Rexall Sundown, Inc.*, No. 13-cv-5769 (SJF), 74 F. Supp. 3d 540 (E.D.N.Y. 2015), when it dismissed a case as moot based on an unaccepted Rule 68 offer, but only after first entering

---

[1] A copy of the Supreme Court's slip opinion is attached hereto as Exhibit A for the Court's convenience.

[2] Defendant Polizzi joins in this submission.



The Honorable Sandra J. Feuerstein
January 21, 2016
Page 2

judgment for the plaintiff.  This Court should still grant the MTD, as Defendants (similar to *Rexall*) do not merely rest on an unaccepted offer of judgment alone; Defendants have also requested the Court to enter a judgment first in favor of Plaintiffs in accordance with their Rule 68 offer.  Furthermore, to avoid any doubts as to collectability, Defendants are in the process of depositing with the Clerk of this Court the full amount of their offer of judgment.  Defendants also will deposit any additional amounts for costs and attorneys' fees, if any, that the Court deems Plaintiffs are entitled to receive.  The Court thereafter can enter judgment in favor of Plaintiffs and they can receive the full amount directly from the Clerk.

In *Gomez*, a putative class action under the Telephone Consumer Protection Act ("TCPA"), the defendant, prior to the deadline for filing a class certification motion, made an offer of judgment to plaintiff satisfying his damages claim and proposed a stipulated injunction that, while expressly denying liability, consented to refraining from sending further text messages in violation of the TCPA.  *See* Ex. A at 3-4.  Plaintiff did not accept the offer and it expired.  *See id.* at 4.  Defendant then moved to dismiss the case for lack of subject matter jurisdiction, arguing there was no longer an Article III case or controversy.  *See id.*

Framing the decision in terms of contract law, the Court reasoned that an unaccepted Rule 68 offer has no effect, and the parties were still adverse to one another after the offer expired.  *See id.* at 8-9.  The Court also relied on the fact that the revocable Rule 68 offer did not actually provide plaintiff any money at all.  *See id.* at 10 n.5.  The Court further held that since the individual claim was not moot, plaintiff could continue to try to have a class certified.  *See id.* at 11.  As the Court concluded:

> In sum, an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case, so the District Court retained jurisdiction to adjudicate [plaintiff's] complaint.  That ruling suffices to decide this case.  We need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to plaintiff, and the court then enters judgment for the plaintiff in that amount.  That question is appropriately reserved for a case in which it is not hypothetical.

*Id.* at 11-12.

By making clear that its holding *only* applies where a defendant attempts to moot a plaintiff's claim solely on the basis of an unexpired offer of judgment and nothing more, the Court leaves undisturbed the essential reasoning of this Court's *Rexall* decision, which, for the reasons previously articulated by Defendants, still compels granting the MTD.



The Honorable Sandra J. Feuerstein
January 21, 2016
Page 3

Moreover, Defendants are not simply asking the Court to enter judgment in accordance with the terms of their Rule 68 offer.  Defendants are in the process of depositing with the Clerk of Court the full amount set forth in Defendants' Rule 68 offer for each of the Plaintiffs, which represents more than Plaintiffs could recover even if they fully litigated their remaining claims for breach of express warranty.  Further, Defendants have also already requested that this Court determine the amount of costs and attorneys' fees, if any, to which Plaintiffs are entitled, and will also deposit those amounts with the Clerk before the Court enters judgment.  Thus, there can be no doubt that Plaintiffs will receive the full amount of their judgment.

This approach is entirely consistent with the Supreme Court's *Gomez* ruling, as made clear by Chief Justice Roberts in his dissent:

> When a plaintiff files suit seeking redress for an alleged injury, and the defendant agrees to fully redress that injury, there is no longer a case or controversy for purposes of Article III.  After all, if the defendant is willing to remedy the plaintiff's injury, without forcing him to litigate, the plaintiff cannot demonstrate an injury in need of redress by the court, and the defendant's interests are not adverse to the plaintiff.

Roberts Dissent at 4.  The Chief Justice acknowledged that defendant had yet to actually pay the damages it said it would, but explained why that was not an issue:  "In any event, to the extent there is a question whether [defendant] is willing and able to pay, there is an easy answer:  have the firm deposit a certified check with the trial court."  *Id.* at 5.

Chief Justice Roberts added, "This Court has long held that when a defendant unilaterally remedies the injuries of the plaintiff, the case is moot – even if the plaintiff disagrees and refuses to settle the dispute, and even if the defendant continues to deny liability."  *Id.* at 6.  The Chief Justice concluded:

> The good news is that this case is limited to its facts.  The majority holds that an *offer* of complete relief is insufficient to moot a case.  The majority does not say *payment* of complete relief leads to the same result.  For aught that appears, the majority's analysis may have come out differently if [defendant] had deposited the offered funds with the District Court.  *See ante*, at 11-12.  This Court leaves that question for another day – assuming there are other plaintiffs out there who, like [plaintiff], won't take "yes" for an answer.

Roberts Dissent at 10 (emphasis in original).



The Honorable Sandra J. Feuerstein
January 21, 2016
Page 4


*Gomez* does not alter the well-reasoned analysis of this Court in *Rexall*, nor does it undermine Defendants' MTD. Defendants have offered Plaintiffs complete relief and have asked this Court to enter judgment accordingly. Defendants will shortly deposit funds with the Court establishing their willingness and ability to pay. Once this is done, there will be nothing left to litigate, and Defendants' MTD should be granted after judgment is entered.[3]

Respectfully submitted,

/s/ GERALD E. ARTH


cc:    Joseph Marchese, Esq. (via ECF)
       Yitzchak Kopel, Esq. (via ECF)
       Shane T. Rowley, Esq. (via ECF)
       Stephanie Resnick, Esq. (via ECF)
       Daniel Schnapp, Esq. (via ECF)
       Ryan Becker, Esq. (via ECF)
       Ronald Price, Esq. (via ECF)
       Jason Kerr, Esq. (via ECF)
       Henninger Bullock, Esq. (via ECF)

---

[3] Plaintiffs once again seem to claim that Defendants have not offered them complete relief because Defendants have not offered to "cease their deceptive practices." *See* Letter dated January 20, 2016 from Joseph I. Marchese, Esq. to the Honorable Sandra J. Feuerstein (Dkt. No. 77) at 2. As detailed in Defendants' previous submissions, Plaintiffs have neither sought any particularized injunctive relief, nor is any available to them on their sole remaining claims for breach of express warranty. *See* Defendants' Reply in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. No. 70) at 3-5. Plaintiffs' argument is a pure red herring.