

2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Tel 215.299.2000 Fax 215.299.2150
www.foxrothschild.com

GERALD E. ARTH
Direct Dial: 215-299-2720
Email Address: GArth@Foxrothschild.com

January 21, 2016

**VIA ECF AND FEDEX PRIORITY OVERNIGHT**

The Honorable Sandra J. Feuerstein
United States District Judge
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722-4451

**Re: *Brady, et al. v. Basic Research, LLC, et al.*, Case No. 2:13-cv-07169-SJF-ARL (E.D.N.Y.)**

Dear Judge Feuerstein:

We represent defendants Basic Research, LLC, Zoller Laboratories, LLC, Dennis W. Gay and Mitchell K. Friedlander (and together with Nicole E. Polizzi,[1] collectively, the "Defendants"). We write this letter-motion in order to request an order from the Court, pursuant to Fed. R. Civ. P. 67, permitting Defendants to deposit funds with the Clerk of the Court consistent with the Rule 68 offer of judgment that Defendants previously made to Plaintiffs.

In a letter-brief filed with the Court earlier today, Defendants discuss why the United States Supreme Court's decision in *Campbell-Ewald Co. v. Gomez*, No. 14-857, 2016 WL 228345 (U.S. Jan. 20, 2016), further supports Defendants' pending Motion to Dismiss for Lack of Subject Matter Jurisdiction (the "MTD").

The majority as well as the dissenting opinions in *Gomez* contemplate that a defendant's depositing of funds sufficient to cover the full amount of a plaintiff's individual claims, in an account payable to the plaintiff prior to the Court entering judgment, may provide the basis for

[1] Defendant Polizzi joins in this submission.






mooting a plaintiff's case. The majority opinion makes clear that *Gomez* does not bar this: "We need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to plaintiff, and the court then enters judgment for the plaintiff in that amount. That question is appropriately reserved for a case in which it is not hypothetical." *See Gomez*, slip op. at 11-12.[2] The two dissenting opinions by Chief Justice Roberts and Justice Alito expressly state that such an action would moot a plaintiff's claim, as there would then be no case or controversy under Article III sufficient to confer subject matter jurisdiction. *See* Roberts Dissent at 10; Alito Dissent at 2-3.

Defendants therefore respectfully request an Order from the Court permitting Defendants, consistent with their previous offer of judgment, to deposit with the Clerk of the Court two checks in the amount of $200 each, made payable to Ashley Brady and Stephanie Dalli Cardillo, the two plaintiffs in this case. The funds would be made available to the Plaintiffs upon entry of judgment in their favor.

Furthermore, Defendants are prepared to make another deposit with the Clerk of the Court when the Court determines what additional costs or attorneys' fees, if any, Plaintiffs are entitled to receive.

Respectfully submitted,

/s/ GERALD E. ARTH

cc: Joseph Marchese, Esq. (via ECF)
Yitzchak Kopel, Esq. (via ECF)
Shane T. Rowley, Esq. (via ECF)
Stephanie Resnick, Esq. (via ECF)
Daniel Schnapp, Esq. (via ECF)
Ryan Becker, Esq. (via ECF)
Ronald Price, Esq. (via ECF)
Jason Kerr, Esq. (via ECF)
Henninger Bullock, Esq. (via ECF)

---

[2] A copy of the Slip Opinion was attached as Exhibit A to Defendants' January 21, 2016 letter (Dkt. No. 78).