# BURSOR & FISHER
P.A.

888 SEVENTH AVENUE
NEW YORK, NY 10019
www.bursor.com

JOSEPH I. MARCHESE
Tel: 646.837.7410
Fax: 212.989.9163
jmarchese@bursor.com

January 21, 2016

*Via ECF*

Honorable Sandra J. Feuerstein
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: *Brady v. Basic Research, L.L.C.*, No. 2:13-cv-07169 (E.D.N.Y.)

Dear Judge Feuerstein:

  I write in response to Defendants' January 21, 2016 letter motion pursuant to Fed. R. Civ. P. 67 requesting an order permitting them to deposit $400 out of the more than $5 million dollars claimed in this lawsuit with the Clerk of the Court. Defendants' motion must be denied as procedurally and substantively improper.

  First, regarding Rule 67, it is well established that "this procedural device was only intended to provide a place of safekeeping for disputed funds pending resolution of a legal dispute and not to provide a means of altering the contractual relationships and legal duties of each party." *Prudential Ins. Co. of Am. v. BMC Indus., Inc.*, 630 F. Supp. 1298, 1300 (S.D.N.Y. 1986); *see also Ray Legal Consulting Grp. v. DiJoseph*, 37 F. Supp. 3d 704, 729 (S.D.N.Y. 2014) (same). But that is precisely what Defendants seek to do here. Defendants are attempting to use Rule 67 as a mechanism to prevent Plaintiffs from asserting class claims. That is procedurally improper.

  More importantly, Defendants' request should be denied because their desired course of action is futile. In *Gomez*, the Supreme Court made no ruling on the hypothetical scenario of whether a court could enter judgment on behalf of a plaintiff after a defendant enters the full amount of the plaintiff's claim into an account payable to the plaintiff. *Campbell Ewald Co. v. Gomez*, --- S. Ct. ---, 2016 WL 228345, at *9 (Jan. 20, 2016). However, the Supreme Court's majority opinion made clear that payment of a named plaintiff's claim in a putative class action does *not* constitute complete relief. *See id.* at *6 ("Gomez commenced an action against Campbell for violation of the TCPA, suing on behalf of himself and others similarly situated. … [B]ut Campbell's settlement offer proposed relief for Gomez alone, and it did not admit liability."). The Supreme Court also noted that allowing a defendant to pick off the claims of a named plaintiff in a putative class action "would place the defendant in the driver's seat" because

it would allow a defendant "to avoid a potential adverse decision, one that could expose it to damages a thousand-fold larger than the bid [the plaintiff] declined to accept." *Id.* at *8.

Defendants have not addressed these passages in the two letters to the Court they filed today. And their proposed litigation tactic of avoiding class liability by picking off the named plaintiffs in this case using Rule 67 does nothing to sidestep the words of the Supreme Court. Whether $400 is merely offered or actually deposited with the Clerk of the Court, it is still incomplete relief because it does not address the class claims, it does not admit liability, and it fails to address Plaintiffs' claims for injunctive relief. Further, it would still place Defendants in the driver's seat and allow them to avoid a potential adverse decision by paying a small fraction of their liability to Plaintiffs alone. This is exactly what the Supreme Court sought to prevent. *See id.* at *8.

"It is within the court's discretion to permit or deny … a deposit" under Fed. R. Civ. P. 67. *Ray Legal*, 37 F. Supp. 3d at 729. Because Defendants seek to make the requested deposit for an improper purpose, the Court should exercise its discretion to deny Defendants' request under Rule 67.

Very truly yours,

*[signature]*

Joseph I. Marchese

CC: All counsel of record (by CM/ECF)