UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------X
ASHLEY BRADY and STEPHANIE DALLI
CARDILLO, on behalf of themselves and
all others similarly situated,

               Plaintiffs,

  -v-                                        Case No. 2:13-cv-7169 (SFJ)(ARL)

BASIC RESEARCH, L.L.C.;
ZOLLAER LABORATORIES, L.L.C.;
NICOLE E. POLIZZI, a/k/a/ SNOOKI;
DENNIS W. GAY;
DANIEL B. MOWREY; AND
MITCHELL K. FRIEDLANDER,

               Defendants.
------------------------------------------------------X
FEUERSTEIN, J.

**ORDER**
**on Defendants' Rule 67 Motion**

I. Introduction

      On January 21, 2016, by letter motion and pursuant to Federal Rule of Civil Procedure 67, the Defendants moved for permission to deposit funds with the Clerk of Court "consistent with the Rule 68 offer of judgment that [they] previously made to Plaintiffs." ("Rule 67 Motion"; ECF No. 79.) The Plaintiffs objected. ("Objection"; see ECF No. 80.) For the reasons that follow, the Rule 67 Motion is DENIED.

II. The Relief Sought

      The Court assumes the parties' familiarity with the facts and procedural background of this case, a putative class action. (See, e.g., Opinion and Order dated Mar. 31, 2015 (ECF No. 47) (granting in part and denying in part Defendants' Motion to Dismiss).) By seeking permission to deposit the amount of their offer of judgment with the Clerk of the Court,

Defendants are attempting to moot the individual claims ("individual claims") of Plaintiff Brady and Plaintiff Cardillo (hereafter, the "Individual Plaintiffs"), thereby defeating the Individual Plaintiffs' attempt to have a class certified. (*See* Rule 67 Motion at 2.) Relying on *Campbell Ewald Co. v. Gomez*, ___ S. Ct. ___, 2016 WL 228345 (U.S. Jan. 20, 2016), the Defendants contend that "a defendant's depositing of funds sufficient to cover the full amount of a plaintiff's individual claims, in an account payable to the plaintiff prior to the Court entering judgment, *may* provide the basis for mooting a plaintiff's case." (Rule 67 Motion at 1-2 (emphasis added).)

The Individual Plaintiffs object on three grounds: (1) the Defendants are trying to misuse Rule 67, the use of which is within the court's discretion; (2) *Gomez* did not decide whether a court could enter judgment on behalf of a plaintiff after a defendant deposits the full amount of the plaintiff's claim into an account payable to the plaintiff, *see Gomez*, 2016 WL 228345, at *8; and (3) depositing monies with the Court does not provide complete relief as "it does not address the class claims, it does not admit liability, and it fails to address the Plaintiffs' claims for injunctive relief". (Objection at 1-2.)

III. Discussion

    *A. Rule 67*

    Rule 67 provides, in relevant part:

> (a) Depositing Property. If any part of the relief sought is a money judgment or the disposition of a sum of money . . . , a party–on notice to every other party and by leave of court–may deposit with the court all or part of the money . . . , whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

Fed. R. Civ. P. 67(a). "Rule 67 is a 'procedural device . . . intended to provide a place for safekeeping for disputed funds pending resolution of a legal dispute and not to provide a means of altering the contractual relationships and legal duties of each party.'" *Ray Legal Consulting Group v. DiJoseph, III, et al.*, 37 F. Supp.3d 704, 729 (S.D.N.Y. 2014).(further citation omitted). It "'is intended to relieve a depositor of the burden of administering an asset. Often, the depositor's only interest in a case is possession of an asset; after depositing it with the Court the

2

depositor is excused from the case.'" *Thurston v. Sisca, et al.*, No. 1:14-cv-1150 (GTS)(DEP), 2015 WL 6872329, *6, slip op. (N.D.N.Y. Nov. 9, 2015) (*quoting John v. Sotheby's, Inc.*, 141 F.R.D. 29, 34 (S.D.N.Y. 1992)). Whether to permit or deny such a deposit is within a court's discretion. *DiJoseph*, 37 F. Supp.3d at 729.

### B. The *Gomez* Case

In *Gomez*, the Supreme Court resolved "a disagreement among the Courts of Appeals over whether an unaccepted offer can moot a plaintiff's claim, thereby depriving federal courts of Article III jurisdiction." *Gomez*, 2016 WL 228345, at *5.

> Gomez commenced an action against Campbell for violation of the TCPA [*i.e.*, Telephone Consumer Protection Act], suing on behalf of himself and others similarly situated. Gomez sought treble statutory damages and an injunction on behalf of a nationwide class, but Campbell's settlement offer proposed relief for Gomez alone, and did not admit liability. Gomez rejected Campbell's settlement terms and the offer of judgment.
>
> Under basic principles of contract law, Campbell's settlement bid and Rule 68 offer of judgment, once rejected, had no continuing efficacy absent Gomez's acceptance, Campbell's settlement offer remained only a proposal, binding neither Campbell nor Gomez.
>
> * * *
>
> . . . Because Gomez's individual claim was not made moot by the expired settlement offer, that claim would retain vitality during the time involved in determining whether the case could proceed on behalf of a class. While a class lacks independent status until certified, a would-be class representative with a live claim of her own *must be accorded a fair opportunity* to show that certification is warranted.
>
> * * *
>
> In sum, an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case, so the District Court retained jurisdiction to adjudicate Gomez's complaint. That ruling suffices to decide this case. *We need not, and do not, now decide* whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount.

*Id.* at *8-9, *11 (internal citations omitted; emphasis added).

### C. *The Instant Case*

As Defendants' seek Rule 67(a) permission to deposit funds into court to moot this case and not to relieve themselves of the burden of administering an asset, and given the Supreme Court's directive that "a would-be class representative with a live claim of her own *must be accorded a fair opportunity* to show that certification is warranted, *Gomez* at *11 (emphasis added), the Court finds that granting the Defendants' Rule 67(a) Motion is not warranted.

### IV. Conclusion

Accordingly, IT IS ORDERED that the Defendants' motion pursuant to Rule 67 is DENIED.

Dated: February 3, 2016
Central Islip, New York

s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

4