

2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Tel 215.299.2000 Fax 215.299.2150

www.foxrothschild.com

GERALD E. ARTH
Direct Dial: 215-299-2720
Email Address: GArth@Foxrothschild.com

February 4, 2016

**VIA ECF AND FEDEX PRIORITY OVERNIGHT**

The Honorable Sandra J. Feuerstein
United States District Judge
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722-4451

**Re:** ***Brady, et al. v. Basic Research, LLC, et al.***, **Case No. 2:13-cv-07169-SJF-ARL (E.D.N.Y.)**

Dear Judge Feuerstein:

We represent defendants Basic Research, LLC, Zoller Laboratories, LLC, Dennis W. Gay and Mitchell K. Friedlander (and together with Nicole E. Polizzi,[1] "Defendants"). We write regarding the Court's order dated February 3, 2016 (the "Order") denying Defendants' motion to deposit funds with the Court pursuant to Fed. R. Civ. P. 67. *See* Dkt. No. 81. Defendants were prepared to pay into Court the full amount of their Rule 68 offer of judgment, thus ensuring that plaintiffs Ashley Brady and Stephanie Dalli Cardillo (collectively, "Plaintiffs") would be paid immediately upon the Court's entering judgment in their favor, mooting Plaintiffs' individual claims and paving the way for the Court to grant Defendants' pending motion to dismiss for lack of subject matter jurisdiction.

In the Order, the Court explained that Rule 67 was not the proper procedural mechanism to make such a deposit, as Defendants are not doing so in order to "relieve themselves of the burden of administering an asset." *See* Dkt. No. 81 at 4. The Order also highlighted the Supreme Court's decision in *Campbell Ewald Co. v. Gomez*, 2016 WL 228345 (U.S. Jan. 20, 2016), in which the

---

[1] Defendant Polizzi joins in this request.

A Pennsylvania Limited Liability Partnership

California   Colorado   Connecticut   Delaware   District of Columbia
Florida   Nevada   New Jersey   New York   Pennsylvania   Texas



majority stated that it was not deciding whether a plaintiff's case would be mooted "if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." Dkt. No. 81 at 3 (quoting *Gomez*, 2016 WL 228345 at *11). The dissenting opinions of Chief Justice Roberts and Justice Alito, however, made clear that paying the funds into an account ***will*** moot a plaintiff's claim. *See* Gomez, 2016 WL 228345 at *12-20.

We write to advise the Court that Defendants today have wired $400, the full amount of Defendants' Rule 68 offer of judgment (exclusive of costs and attorneys' fees, if any are awarded), to Fox Rothschild's IOLTA account with Wells Fargo Bank, where the funds will be segregated and held for the benefit of Plaintiffs. Redacted copies of the wire transfer payment and confirmation documents are attached collectively hereto as Exhibit A. The funds are available to be disbursed upon the Court's entry of judgment in favor of Plaintiffs consistent with Defendants' motion to dismiss for lack of subject matter jurisdiction. With the funds now deposited and available to afford Plaintiffs complete relief, Defendants respectfully submit that the Court should enter judgment in Plaintiffs' favor and grant Defendants' pending motion to dismiss, as Plaintiffs no longer have any live or justiciable claim. Not only are Plaintiffs' individual claims moot, but their class claims are moot as well. *See Lary v. Rexall Sundown, Inc.*, 74 F. Supp. 3d 540, 555-56 (E.D.N.Y. 2015).

Respectfully submitted,

/s/ GERALD E. ARTH

cc: Joseph Marchese, Esq. (via ECF)
    Yitzchak Kopel, Esq. (via ECF)
    Shane T. Rowley, Esq. (via ECF)
    Stephanie Resnick, Esq. (via ECF)
    Daniel Schnapp, Esq. (via ECF)
    Ryan Becker, Esq. (via ECF)
    Ronald Price, Esq. (via ECF)
    Jason Kerr, Esq. (via ECF)
    Henninger Bullock, Esq. (via ECF)