

2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Tel 215.299.2000  Fax 215.299.2150
www.foxrothschild.com

GERALD E. ARTH
Direct Dial: 215-299-2720
Email Address: GArth@Foxrothschild.com

March 21, 2016

**VIA ECF AND FEDEX PRIORITY OVERNIGHT**

The Honorable Sandra J. Feuerstein
United States District Judge
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722-4451

> **Re:** *Brady, et al. v. Basic Research, LLC, et al.*, **Case No. 2:13-cv-07169-SJF-ARL (E.D.N.Y.)**

Dear Judge Feuerstein:

We represent defendants Basic Research, LLC, Zoller Laboratories, LLC, Dennis W. Gay and Mitchell K. Friedlander (and together with Nicole E. Polizzi,[1] "Defendants"). We write to inform the Court of an order issued on March 17, 2016 by Judge Hellerstein in the United States District Court for the Southern District of New York in *Leyse v. Lifetime Entertainment Services, LLC*, 13-cv-5794 (AKH) that is highly relevant to the Court's consideration of Defendants' pending motion to dismiss for lack of subject matter jurisdiction. A copy of the *Leyse* order entering judgment for plaintiff is attached as Exhibit A.

In *Leyse*, a case brought under the Telphone Consumer Protection Act of 1991, the Court considered entering judgment in favor of plaintiff on the basis of an offer of complete relief made by defendant. The plaintiff in *Leyse* argued that the Supreme Court's recent decision in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016) prevented the court from entering judgment since plaintiff had not accepted the offer. *See* Ex. A at 2. The court rejected that argument, holding that the Supreme Court expressly chose not to decide whether a court can

---

[1] Defendant Polizzi joins in this request.

A Pennsylvania Limited Liability Partnership

California    Colorado    Connecticut    Delaware    District of Columbia
Florida    Nevada    New Jersey    New York    Pennsylvania    Texas



The Honorable Sandra J. Feuerstein
March 21, 2016
Page 2

enter judgment over a plaintiff's objections if the full amount in controversy is actually paid, as opposed to merely offered.  See id.  The *Leyse* court interpreted *Campbell-Ewald* as doing nothing to disturb existing Second Circuit precedent making "judgment and full relief in favor of the plaintiff necessary precursors to the dismissal of an action in the event of an unaccepted settlement offer."  See id. at 3 (citing *Bank v. Caribbean Cruise Line, Inc.*, 606 F. App'x 30, 31 (2d Cir. 2015); *Tanasi v. New Alliance Bank*, 786 F.3d 195, 199-200 (2d Cir. 2015); *Cabala v. Crowley*, 736 F.3d 226, 228 (2d Cir. 2013)).  Judge Hellerstein held that the court would enter judgment in favor of plaintiff after defendant deposited with the Clerk of Court the full amount of the offer and an additional amount to cover court costs.  See id. at 4.  As the court found, "plaintiff has no entitlement to an admission of liability."  Ex. A at 3.

As Defendants previously advised this Court, Defendants have segregated funds payable to Plaintiffs in Fox Rothschild's IOLTA account at Wells Fargo Bank, and the funds are ready to be disbursed after the Court enters judgment in Plaintiffs' favor consistent with the terms set forth in Defendants' motion to dismiss for lack of subject matter jurisdiction.

Defendants respectfully submit that the reasoning of the court in *Leyse* is equally applicable here, and supports the Court's entering judgment in Plaintiffs' favor and granting the pending motion to dismiss.

Respectfully submitted,

/s/ GERALD E. ARTH


cc:   Joseph Marchese, Esq. (via ECF)
      Yitzchak Kopel, Esq. (via ECF)
      Shane T. Rowley, Esq. (via ECF)
      Stephanie Resnick, Esq. (via ECF)
      Daniel Schnapp, Esq. (via ECF)
      Ryan Becker, Esq. (via ECF)
      Ronald Price, Esq. (via ECF)
      Jason Kerr, Esq. (via ECF)
      Henninger Bullock, Esq. (via ECF)