UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ASHLEY BRADY and STEPHANIE DALLI
CARDILLO, on behalf of themselves and
all others similarly situated,

                Plaintiffs,

       -against-

BASIC RESEARCH, L.L.C., ZOLLER
LABORATORIES, L.L.C., NICOLE E.
POLIZZI a/k/a SNOOKI, DENNIS W. GAY,
DANIEL B. MOWREY, and MITCHELL K.
FRIEDLANDER,

                Defendants.
----------------------------------------------------------X

**ORDER**
13-CV-7169 (SJF)(ARL)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ MAR 3 1 2016 ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

Defendants Basic Research, L.L.C., Zoller Laboratories, L.L.C., Dennis W. Gay, Mitchell K. Friedlander, and Nicole E. Polizzi (collectively, "Defendants") move to dismiss plaintiffs Ashley Brady's and Stephanie Dalli Cardillo's (together, "Plaintiffs") First Amended Complaint (Dkt. 19) ("FAC") for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). For the following reasons, Defendants' motion is denied.

I.     **BACKGROUND**

The factual and procedural background of this case is set forth in greater detail in the Court's March 31, 2015 Opinion and Order addressing Defendants' motions to strike portions of the FAC and dismiss the FAC for lack of subject matter and personal jurisdiction, and for failure to state a claim. *See Brady v. Basic Research, L.L.C.*, 101 F. Supp. 3d 217, 224-25 (E.D.N.Y. 2015). The relevant background for present purposes is as follows.

Plaintiffs purchased Zantrex-3 and Zantrex-3 High Energy Fat Burner, products that Defendants marketed as clinically-proven weight control supplements. (FAC ¶¶ 1, 16-17). Plaintiffs filed a proposed class action on behalf of purchasers of these products and Zantrex-3 Power Crystals (collectively, "Zantrex"), alleging that Defendants: (1) violated the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.* ("MMWA"); (2) breached express warranties; (3) violated New York's General Business Law § 349; (4) violated the Maryland Consumer Protection Act; (5) negligently misrepresented Zantrex's effectiveness; (6) fraudulently misrepresented Zantrex's effectiveness; and (7) were unjustly enriched. (*Id.* ¶¶ 1, 140-94).

On March 31, 2015, the Court granted Defendants' motion to dismiss Plaintiffs' claims three (3) through seven (7) pursuant to Federal Rule of Civil Procedure 12(b)(6), and denied Defendants' motion to dismiss Plaintiffs' MMWA and breach of express warranty claims. *See Brady*, 101 F. Supp. 3d at 234-38.[1] On April 10 and 14, 2015, Defendants transmitted to Plaintiffs an offer of judgment pursuant to Federal Rule of Civil Procedure 68, whereby Defendants, without admitting liability, proposed that judgment would be taken against them in the sum of one hundred dollars ($100) per plaintiff, per remaining claim (*i.e.*, four hundred dollars ($400) total). (*See* Declaration of Gerald E. Arth, dated May 12, 2015 ("Arth Decl.") (Dkt. 65) at ¶¶ 3-4, Exs. B, C). According to Defendants, this amount exceeds the maximum that Plaintiffs could possibly recover on their extant claims. (*See* Def's Br. (Dkt. 67) at 15). Plaintiffs did not accept or respond to Defendants' Rule 68 offer. (*See* Arth. Decl. at 5). Defendants then filed this motion, arguing that the Court lacks subject matter jurisdiction based

---

[1] The Court also granted former defendant Daniel Mowrey's motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) and defendant Nicole Polizzi's motion to dismiss plaintiff Ashley Brady's claims against her for lack of subject matter jurisdiction under Rule 12(b)(1). *See id.* at 229, 232.

upon their unaccepted offer of judgment, which mooted Plaintiffs' claims. (*See* Def's Br. (Dkt. 67) at 5-17).

## II. DISCUSSION

On January 20, 2016, after the present motion was fully briefed, the Supreme Court issued a decision in *Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663 (2016). In that decision, the Court "resolve[d] a disagreement among the Courts of Appeals" by holding that an unaccepted offer of judgment made to a named plaintiff who is seeking relief on behalf of a class of similarly situated people does not render a case moot. *Gomez*, 136 S.Ct. at 669, 672. "[A]n unaccepted settlement offer has no force. Like other unaccepted contract offers, it creates no lasting right or obligation. With the offer off the table, and the defendant's continuing denial of liability, adversity between the parties persists." *Id.* at 666.

Plaintiffs filed a putative class action and have yet to file their motion for class certification.[2] Defendants' Rule 68 offer "was neither an admission of liability nor an admission that Plaintiffs suffered any damages." (Def's Br. (Dkt. 67) at 4). And Plaintiffs did not accept Defendants' offer. Accordingly, *Gomez* is directly on point and mandates denial of Defendants' motion to dismiss for lack of subject matter jurisdiction.

---

[2] The deadline for Plaintiffs to file a class certification motion was February 15, 2016. (*See* Scheduling Order (Dkt. 53) at 2). On May 15, 2015, the Court granted Defendants' motion to stay discovery pending resolution of this motion. (Dkt. 57). Accordingly, all deadlines following the originally ordered close of discovery, including the deadline for Plaintiffs to file a class certification motion, were also stayed pending resolution of this motion.

3

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure is denied. The stay of discovery pending resolution of this motion is lifted. The parties shall confer and jointly submit a proposed revised scheduling order for the Court's consideration by no later than April 8, 2016.

**SO ORDERED.**

*s/ Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge

Dated: March 31, 2016
Central Islip, New York