UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------X
                                       :
ASHLEY BRADY and STEPHANIE             :
DALLI CARDILLO, on behalf of           :
themselves and all others similarly situated,   :    13 Civ. 7169 (SJF) (ARL)
                                       :
                Plaintiffs,            :
                                       :
               -against-               :
                                       :
BASIC RESEARCH, L.L.C., *et al.*,      :
                                       :
                Defendants.            :
---------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO AMEND COURT'S MARCH 31, 2016 ORDER TO
CERTIFY THE ORDER FOR INTERLOCUTORY APPEAL
PURSUANT TO 28 U.S.C. § 1292(b) AND STAY DISCOVERY**

Daniel A. Schnapp
FOX ROTHSCHILD LLP
100 Park Avenue, 15th Floor
New York, New York 10017
(212) 878-7900
(F) (212) 692-0940

Stephanie Resnick
Gerald E. Arth (admitted *pro hac vice*)
Ryan T. Becker (admitted *pro hac vice*)
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
(215) 299-2000
(F) (215) 299-2150

Ronald F. Price (admitted *pro hac vice*)
Jason Kerr (admitted *pro hac vice*)
PRICE PARKINSON & KERR, PLLC
5742 West Harold Gatty Drive
Salt Lake City, UT 84116
(801) 530-2932
(F) (801) 530-2932

*Attorneys for Defendants Basic Research, LLC,*
*Zoller Laboratories, LLC,*
*Dennis W. Gay, and Mitchell K. Friedlander*

Henninger S. Bullock
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 506-2500
(F) (212) 262-1910

*Attorneys for Defendant Nicole E. Polizzi*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ......................................................................................... 1

FACTUAL BACKGROUND / PROCEDURAL HISTORY ............................................ 2

ARGUMENT ...................................................................................................................... 6

I.      APPLICABLE LEGAL STANDARD ..................................................................... 6

          A.      Standard For Certification Of Interlocutory Appeal ............................... 6

          B.      Standard For Stay Of Discovery ............................................................. 7

II.     DEFENDANTS MEET THE CRITERIA FOR HAVING THIS COURT CERTIFY ITS MARCH 31, 2016 ORDER FOR INTERLOCUTORY APPEAL............................ 7

          A.      The Order Involves A Controlling Question Of Law ............................. 8

          B.      There Is A Substantial Ground For Difference Of Opinion ................... 9

          C.      An Immediate Appeal May Materially Advance The Termination Of The Litigation................................................................................................ 13

III.    IF THIS COURT CERTIFIES THE ORDER, IT SHOULD STAY DISCOVERY PENDING THE OUTCOME OF ANY PROCEEDINGS BEFORE THE SECOND CIRCUIT................................................................................................................ 14

CONCLUSION................................................................................................................. 15

i

# TABLE OF AUTHORITIES

**Page(s)**

<small>CASES</small>

*ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*,
    485 F.3d 85 (2d Cir.2007)...................................................................................10

*Bank v. Carribean Cruise Line*,
    606 F. App'x 30 (2d Cir. 2015) ...............................................................10, 11, 15

*Cabala v. Crowley*,
    736 F.3d 226 (2d Cir. 2013)....................................................................10, 11, 15

*Campbell-Ewald Co. v. Gomez*,
    136 S. Ct. 663 (2016) ...................................................................... passim

*Casey v. Long Island R.R. Co.*,
    406 F.3d 142 (2d Cir. 2005)....................................................................................6

*Chathas v. Local 134 IBEW*,
    233 F.3d 508 (7th Cir. 2000) .................................................................................10

*Comer v. Cisneros*,
    37 F.3d 775 (2d Cir. 1994)....................................................................................11

*Flo & Eddie, Inc. v. Sirius XM Radio Inc.*,
    No. 13-cv- 5784, 2015 WL 585641 (S.D.N.Y. Feb. 10, 2015) ................................8, 9, 14, 15

*In re World Trade Center Disaster Site Litig.*,
    503 F.3d 167 (2d Cir. 2007)....................................................................................7

*Klinghoffer v. S.N.C. Achille Lauro*,
    921 F.2d 21 (2d Cir. 1990)...............................................................................6, 8, 9

*Koehler v. Bank of Bermuda Ltd.*,
    101 F.3d 863 (2d Cir. 1996)....................................................................................7

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936)................................................................................................7

*Lary, Jr., M.D. v. Rexall Sundown, Inc.*,
    74 F. Supp. 3d 540 (E.D.N.Y. 2015) ...................................................... passim

*Leaseco Data Processing Equip. Corp. v. Maxwell*,
    468 F.2d 1326 (2d Cir. 1972)..................................................................................6

*Leyse v. Lifetime Entm't Servs., LLC*,
    No. 13-cv-5794, 2016 WL 1253607 (S.D.N.Y. March 17, 2016) .................................. passim

*McCauley v. Trans Union, L.L.C.*,
    402 F.3d 340 (2d Cir. 2005)............................................................................10

*Nederlandse Erts-Tankersmaatschappij, N.V. v. Isbrandtsen Co.*,
    339 F.2d 440 (2d Cir. 1964)............................................................................7

*Price v. Berman's Auto., Inc.*,
    No. 14-cv-763-JMC, 2016 WL1089417 (D. Md. Mar. 21, 2016) .........................10

*Simon v. Eastern KY Welfare Rights Org.*,
    426 U.S. 26 (1976).........................................................................................8

*Sosna v. Iowa*,
    419 U.S. 393 (1975).......................................................................................13

*Tanasi v. New Alliance Bank*,
    786 F.3d 195 (2d Cir. 2015).....................................................................10, 14

## STATUTES AND OTHER AUTHORITIES

U.S. CONST., ART. III, § 2 ...............................................................................8

28 U.S.C. § 1292(b) .............................................................................. passim

Fed. R. Civ. P. 23 ........................................................................................12

Fed. R. Civ. P. 26 ..........................................................................................7

Fed. R. Civ. P. 67 ..........................................................................................5

Fed. R. Civ. P. 68 ................................................................................. passim

Remaining defendants Basic Research, LLC, Zoller Laboratories, LLC, Dennis W. Gay, Mitchell K. Friedlander, and Nicole E. Polizzi (collectively, "Defendants") submit this memorandum of law in support of their motion to amend the Court's March 31, 2016 order (the "Order"), *see* Dkt. No. 86, to certify the Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and stay discovery.

## PRELIMINARY STATEMENT

The Court's denial of Defendants' motion to dismiss for lack of subject matter jurisdiction presents important questions regarding when courts should enter judgments in favor of plaintiffs if all of the relief they could possibly obtain in a case is paid (or made available) by a defendant. This question was explicitly left open by the Supreme Court's recent decision in *Campbell-Ewald Co. v. Gomez* on Rule 68 offers and mootness, and immediate appellate review by the Second Circuit is warranted here.

*First*, the Order involves the threshold determination that must be answered at the outset of every single case pending in federal court – whether the court possesses the subject matter jurisdiction to decide the case. It is, therefore, a controlling question of law that supports the certification of an interlocutory appeal.

*Second*, there are substantial grounds for reasonable disagreement regarding the Court's resolution of Defendants' motion to dismiss. This Court need to look no further than a decision issued just weeks ago by the United States District Court for the Southern District of New York that reaches the exact opposite conclusion as this Court did in the Order on the same issue. That in and of itself warrants appellate review now, to say nothing of the apparent conflict between the Order and a decision made by this Court just a few years ago also dealing with entering judgment on the terms set forth in a Rule 68 offer.

*Third*, when deciding whether to certify an order for interlocutory appeal, orders where a decision by the Second Circuit would ultimately terminate the case are particularly appropriate for immediate appellate review.  That is precisely the situation here, as a decision from the Second Circuit to reverse this Court's denial of Defendants' motion to dismiss for lack of subject matter jurisdiction would end the case.

Defendants also request that upon certification of the Order for interlocutory appeal, this Court stay the case pending the outcome of the certification and appellate proceedings.  Interests of judicial economy are best served by avoiding protracted litigation in a case over which the Court may not even retain subject matter jurisdiction, and Plaintiffs would not be prejudiced by that stay.

## FACTUAL BACKGROUND / PROCEDURAL HISTORY

Plaintiffs Ashley Brady and Stephanie Dalli Cardillo ("Plaintiffs") bring this purported class action against Defendants for their alleged roles in the manufacturing, distributing, and marketing of three different dietary supplements:  Zantrex®-3, Zantrex®-3 High Energy Fat Burner ("Fat Burner"), and Zantrex®-3 Power Crystals ("Power Crystals").  *See* First Amended Complaint ("FAC") at ¶ 1 (Dkt. No. 19).  Plaintiff Brady allegedly purchased a bottle of Zantrex-3 from a CVS pharmacy in New York in late 2010, supposedly relying on representations that it would help her lose weight.  *See id.* at ¶ 16.  Plaintiff Brady does not allege how much she paid for the Zantrex-3, *see id.*, but the maximum price of the Zantrex-3 Brady claims she bought could not have been more than $49.99.  *See* May 9, 2015 Declaration of Matthew Draper at ¶¶ 5-6 (Dkt. No. 66).  Plaintiff Cardillo alleges that she purchased a bottle of Fat Burner on July 15, 2013 from the website amazon.com for $24.94, also supposedly relying on representations that the product would help provide rapid fat loss.  *See* FAC at ¶ 17 (Dkt. No. 19).

2

At its core, the FAC alleges that Zantrex-3, Fat Burner, and Power Crystals are ineffective at causing weight loss or fat loss.  *See id.* ¶ 7.  Plaintiffs originally asserted causes of action for violation of the Magnuson-Moss Warranty Act ("MMWA"), *see id.* at ¶¶ 140-50; breach of express warranty, *see id.* at ¶¶ 151-57; violation of New York General Business Law § 349, *see id.* at ¶¶ 158-64; negligent misrepresentation, *see id.* at ¶¶ 165-71; fraud, *see id.* at ¶¶ 172-77; unjust enrichment, *see id.* at ¶¶ 178-83; and violation of the Maryland Consumer Protection Act.  *See id.* at ¶¶ 184-94.

Defendants moved to dismiss the FAC on numerous grounds, which Plaintiffs opposed. *See* Dkt. Nos. 29-44.  By order dated March 31, 2015 (the "MTD Order"), this Court dismissed the bulk of Plaintiffs' claims.  *See* Dkt. No. 47 at 1-2.[1]

The *only* claims surviving Defendants' motions are Plaintiffs' breach of express warranty claims brought under the MMWA as well as New York and Maryland law.  *See id.* at 21-24.  As this Court ruled, the MMWA does not create its own separate private right of action or right to recovery, but merely incorporates existing state law standards for liability and damages.  *See id.* at 22.  This Court held that Plaintiffs adequately alleged that Defendants violated the terms of the MMWA because they issued written warranties in connection with the sale of Zantrex-3, Fat Burner, and Power Crystals that are allegedly false and misleading.  For the same reasons, this Court sustained the breach of warranty claims under New York law against all Defendants except Polizzi (as Brady's New York claims against her were all dismissed) and against all Defendants under Maryland law.  *See id.* at 23-24.

---

[1] In the MTD Order, this Court also denied a motion to strike certain allegations contained in the FAC related to Friedlander, *see* MTD Order at 4-6; denied a motion to dismiss for lack of subject matter jurisdiction related to Plaintiffs' lack of standing to assert claims regarding Power Crystals, which neither Plaintiff purchased, *see* MTD Order at 8-10; denied the motions of Gay and Friedlander to dismiss for lack of personal jurisdiction, *see* MTD Order at 14-16,18-19; and granted Mowrey's motion to dismiss for lack of personal jurisdiction.  *See* MTD Order at 16-18.

As to the remaining warranty claims, Defendants on April 10, 2015 made an offer of judgment pursuant to Fed. R. Civ. P. 68 to Plaintiffs.  *See* May 12, 2015 Declaration of Gerald E. Arth (Dkt. No. 65) at Ex. B.  The offer was neither an admission of liability nor an admission that Plaintiffs suffered any damages.  *See id.*  By its express terms, the offer was "intended to fully and finally resolve all of Plaintiffs' remaining claims in this case," *id.*, and allowed judgment to be taken against Defendants on the following terms:

> 1.    As to Count I of the FAC (Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*), in the amount of $100 in favor of each of the Plaintiffs, together with the costs of the action incurred through the date of the offer and reasonable attorney's fees (based on the actual time expended) to be determined by the Court;

> 2.    As to Count II of the FAC (Breach of Express Warranty), in the amount of $100 in favor of each of the Plaintiffs, together with the costs of the action incurred through the date of the offer.

*Id.*  After initially sending the offer of judgment by electronic mail to Plaintiffs' counsel, *see id.*, Defendants also served a copy of the offer of judgment by certified mail on April 14, 2015.  *See id.* at Ex. C.  Plaintiffs have not accepted Defendants' offer of judgment.  *See* May 12, 2015 Declaration of Gerald E. Arth (Dkt. No. 65) at ¶ 5.

On June 2, 2015, Defendants moved to dismiss for lack of subject matter jurisdiction, requesting that the Court enter judgment in favor of Plaintiffs in accordance with the terms of the Rule 68 offer (which offered more than the maximum relief Plaintiffs were entitled to receive on their remaining claims) and then dismiss the case for lack of subject matter jurisdiction since Plaintiffs' claims would be moot.  *See* Dkt. Nos. 64-67.

On January 20, 2016, the United States Supreme Court decided *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016), holding that an unaccepted Rule 68 offer of judgment, *without more*, does not moot a plaintiff's case.  *See id.* at 672.  The Supreme Court expressly chose not to

4

decide whether the result would be different if defendant had actually set aside money to pay the plaintiff in accordance with the offer and the trial court entered judgment in that amount:

> In sum, an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case, so the District Court retained jurisdiction to adjudicate [plaintiff's] complaint.  That ruling suffices to decide this case.  We need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to plaintiff, and the court then enters judgment for the plaintiff in that amount.  That question is appropriately reserved for a case in which it is not hypothetical.

*Id.*

In light of *Gomez*, Defendants filed a letter motion with this Court seeking permission to deposit the amount tendered to Plaintiffs in the Rule 68 offer with the Clerk of the Court.  *See* Dkt. No. 79.  Defendants also made clear that they were prepared to make another deposit with the Clerk of the Court when this Court determines what additional costs or attorneys' fees, if any, Plaintiffs were entitled to receive.  *See id.*  On February 3, 2016, this Court denied Defendants' request to tender the funds to the Clerk of the Court on the grounds that the purpose of the move was to attempt to moot the case and not "relieve themselves of the burden of administering an asset," as intended by Rule 67(a).  *See* Dkt. No. 81 at 4.

Following the Court's February 2, 2016 order, Defendants informed the Court on February 3, 2016 that they had wired $400 – the full amount of Defendants' Rule 68 offer of judgment to Plaintiffs – into their attorneys' IOLTA account at Wells Fargo Bank, where the funds were segregated and held for the benefit of Plaintiffs.  Defendants stated that the funds were ready to be disbursed upon the Court's entry of judgment in Plaintiffs' favor in accordance with the prior Rule 68 offer.  *See* Dkt. No. 82.

In the Order, the Court denied Defendants' motion to dismiss for lack of subject matter jurisdiction, finding that *Gomez* is directly on point and "mandates denial" of the motion. *See* Dkt. No. 86 at 3.

**ARGUMENT**

I.    **APPLICABLE LEGAL STANDARD**

    A.    **Standard For Certification Of Interlocutory Appeal**

The standards for a district court to certify an order for an interlocutory appeal are set forth in 28 U.S.C. § 1292(b).  The court must determine that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  The statute requires that such a determination be stated in writing in the order subject to appellate review.

The Second Circuit has construed the controlling-question-of-law requirement as encompassing situations where reversal of the district court's order would lead to the termination of the litigation.  *See Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990).  For example, orders involving subject matter jurisdiction are appropriate for certification by the district court.  *See id.* (citing *Leaseco Data Processing Equip. Corp. v. Maxwell*, 468 F.2d 1326, 1330 (2d Cir. 1972)).

The proponent of the interlocutory appeal has the burden of demonstrating that the § 1292(b) criteria are met.  *See Casey v. Long Island R.R. Co.*, 406 F.3d 142, 146 (2d Cir. 2005).  While certification for interlocutory appeal is warranted only in "exceptional circumstances," *see Klinghoffer*, 921 F.2d at 25, courts place the most weight on the factor regarding whether an interlocutory appeal would materially advance the ultimate termination of the litigation.  *See*

*Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865-66 (2d Cir. 1996) ("The use of § 1292(b) is reserved for those cases where an intermediate appeal may avoid protracted litigation").

> **B.     Standard For Stay Of Discovery[2]**

Under Fed. R. Civ. P. 26(c), a court "for good cause" may issue a protective order staying discovery.  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Nederlandse Erts-Tankersmaatschappij, N.V. v. Isbrandtsen Co.*, 339 F.2d 440, 441-42 (2d Cir. 1964) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).

The factors courts consider when deciding whether to issue a stay pending appeal are (1) likelihood of success on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuing a stay will substantially injure the other parties interested in the proceeding; and (4) consideration of the public interest.  *See In re World Trade Center Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007).

**II.     DEFENDANTS MEET THE CRITERIA FOR HAVING THIS COURT CERTIFY ITS MARCH 31, 2016 ORDER FOR INTERLOCUTORY APPEAL**

In light of the significant jurisdictional questions implicated by the Order – questions which, if resolved in Defendants' favor, will end this litigation – this case presents precisely the type of "exceptional circumstances" that warrant this Court's certifying its Order to the Second Circuit to allow the appellate court to determine whether, despite *Gomez*, its existing precedent calls for the entry of judgment in Defendants' favor and dismissal of Plaintiffs' case as moot. Defendants meet all of the requirements for certification pursuant to § 1292(b), and this Court should therefore certify its Order for interlocutory review.

---

[2] Section 1292(b) states that an "application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."  28 U.S.C. § 1292(b).

A.     **The Order Involves A Controlling Question Of Law**

The Second Circuit has stated unequivocally that if the resolution of a question of law could ultimately terminate the action in the district court, that question is a controlling issue of law that can be decided on an interlocutory appeal.  *See Klinghoffer*, 921 F. 2d at 24 ("Although the resolution of an issue need not necessarily terminate an action in order to be 'controlling,' it is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action.") (internal citations omitted).  In *Klinghoffer*, the Second Circuit expressly stated that orders involving subject matter jurisdiction were controlling issues of law.  *See id.*

The Order here denied Defendants' motion to dismiss for lack of subject matter jurisdiction.  *See* Dkt. No. 86 at 3.  As such, if the Second Circuit were to reverse the Order, then this case would be terminated after this Court enters judgment in favor of the two individual Plaintiffs in accordance with Defendants' Rule 68 offer of judgment.  With no "live" claim remaining to be heard, this Court would lack subject matter jurisdiction as there would be no actual case or controversy to be determined.  *See* U.S. CONST., ART. III, § 2; *see also Simon v. Eastern KY Welfare Rights Org.*, 426 U.S. 26, 37 (1976) ("No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.").

The issue here is also a controlling question of law by virtue of the fact that it will have "precedential value for a large number of cases."  *Flo & Eddie, Inc. v. Sirius XM Radio Inc.*, No. 13-cv- 5784, 2015 WL 585641 at *2 (S.D.N.Y. Feb. 10, 2015) (internal citation omitted).  As this Court is aware from the parties' prior briefing, the issue of when and under what circumstances an offer of judgment can moot a case has been a significant source of litigation in courts across the country, culminating in the Supreme Court's *Gomez* opinion.  However, the Supreme Court expressly left open whether depositing the full amount necessary to satisfy

Plaintiffs' claims in an account payable to them (which Defendants have done here), and the trial court's thereafter entering judgment for that amount, would moot a case such that dismissal is required. *See Gomez*, 136 S. Ct. at 672. Resolution of that question by the Second Circuit would have far reaching impact on future litigants contemplating the scope of Rule 68 offers of judgment and the limits of subject matter jurisdiction.

### B.   There Is A Substantial Ground For Difference Of Opinion

When considering whether there is substantial ground for difference of opinion to satisfy the interlocutory review standard, courts consider whether there is a difficult or novel legal issue about which reasonable minds can differ. *See Flo & Eddie, Inc.*, 2015 WL 585641 at *2 (citing *Klinghoffer*, 921 F.2d at 25). That is precisely the case here.

First, even though the Supreme Court's *Gomez* opinion is less than three months old, there is already reasonable disagreement among courts *within the Second Circuit* about the decision's scope and impact.

In the Order, this Court held that the Defendants' unaccepted Rule 68 offer had no force or effect, broadly concluding that *Gomez* was directly on point and "mandates" denial of Defendants' motion to dismiss for lack of subject matter jurisdiction. *See* Dkt. No. 86 at 3. However, in a decision issued on March 17, 2016, Judge Hellerstein of the Southern District of New York came to the opposite conclusion regarding the reach of *Gomez* in *Leyse v. Lifetime Entm't Servs., LLC*, No. 13-cv-5794, 2016 WL 1253607 (S.D.N.Y. March 17, 2016) (only the Westlaw citation currently available).

In *Leyse*, the court also confronted the issue of whether it could enter judgment over plaintiff's objections on the basis of an unaccepted Rule 68 offer post-*Gomez*. *See id.* at *1. The court noted at the outset that *Gomez* explicitly declined to reach the question of whether a district court could enter judgment in favor of defendant if the amount in controversy was actually paid.

*See id.*  Judge Hellerstein held that *Gomez* did nothing to alter existing Second Circuit precedent that already allowed for the entry of judgment over a plaintiff's objections, and that *Gomez* merely precludes dismissal solely on the basis of an unaccepted Rule 68 offer, where the defendant is not actually obligated to pay anything to plaintiff.  *See id.* at *2 (citing *Tanasi v. New Alliance Bank*, 786 F.3d 195, 200 (2d Cir. 2015); *Bank v. Carribean Cruise Line*, 606 F. App'x 30, 31 (2d Cir. 2015); *Cabala v. Crowley*, 736 F.3d 226, 228 (2d Cir. 2013); *McCauley v. Trans Union, L.L.C.*, 402 F.3d 340, 342 (2d Cir. 2005)).  As Judge Hellerstein explained:

> But once the defendant has furnished full relief, there is no basis for the plaintiff to object to the entry of judgment in its favor.  ***A plaintiff has no entitlement to an admission of liability***, as a party can always incur a default judgment and liability without any factual findings.  *See McCauley*, 402 F.3d at 341 ("[I]t is always open to a defendant to default and suffer judgment to be entered against him without his admitting anything." (quoting *Chathas v. Local 134 IBEW*, 233 F.3d 508, 512 (7th Cir. 2000))).  "[I]f the defendant has thus thrown in the towel there is nothing left for the district court to do except enter judgment. The absence of a controversy in the constitutional sense precludes the court from issuing an opinion on whether the defendant actually violated the law." *Id.* at 342 (quoting *Chathas*, 233 F.3d at 512).  As here, a defendant's deposit of a full settlement with the court, and consent to entry of judgment against it, will eliminate the live controversy before a court. *Tanasi*, 786 F.3d at 200 (citing *ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85, 94 (2d Cir.2007)).

*Leyse*, 2016 WL 1253607 at *2 (emphasis added).  The *Leyse* court ultimately held that it would enter judgment in favor of plaintiff once defendant deposited with the Clerk of the Court the amount at issue plus court costs.[3]  *See id.*

Judge Hellerstein's decision in *Leyse* crystallizes a real and reasonable dispute over the continuing import of the established line of Second Circuit precedent in light of *Gomez* – an

---

[3] Similarly, a recent post-*Gomez* decision in the United States District Court for the District of Maryland also held that actual payment by the defendant of the full amount plaintiff could recover serves to moot plaintiff's claim and requires dismissal.  *See Price v. Berman's Auto., Inc.*, No. 14-cv-763-JMC, 2016 WL1089417 (D. Md. Mar. 21, 2016).  This further demonstrates that reasonable minds can differ on the impact of *Gomez*, warranting immediate appellate review.

issue left unconsidered by this Court in the Order, despite the fact that, unlike *Gomez*, Defendants here are not seeking to moot the case solely on the basis of an unaccepted Rule 68 offer, but instead have requested that *judgment be entered* in Plaintiffs' favor for more than the amount of damages they are entitled to receive on their remaining claims.  This is consistent with the Second Circuit cases cited by *Leyse*, which direct a district court to do precisely what Defendants requested in their motion to dismiss for lack of subject matter jurisdiction.  *See, e.g.*, *Bank*, 606 F. App'x. at 31 ("Where there is an unaccepted offer of judgment that would afford the plaintiff complete relief, we have held that 'the typically proper disposition in such a situation is for the district court to enter judgment against the defendant for the proffered amount and to direct payment to the plaintiff consistent with the offer.'") (quoting *Cabala*, 736 F.3d at 228).  Certification is warranted so that the Second Circuit can have the opportunity to clarify its prior precedent in light of the Supreme Court's opinion in *Gomez*.

Second, the Order appears inconsistent with this Court's own previous decision in *Lary, Jr., M.D. v. Rexall Sundown, Inc.*, 74 F. Supp. 3d 540 (E.D.N.Y. 2015), where this Court held that the case should be dismissed for lack of subject matter jurisdiction and judgment entered in favor of plaintiff in light of an unaccepted Rule 68 offer, even though the case was filed as a putative class action and there had been no decision on class certification.  *See Rexall*, 74 F. Supp. 3d at 557.

In *Rexall*, this Court explicitly rejected the claim that plaintiffs maintained a continuing interest in the litigation to defeat a mootness challenge simply because the case was a putative class action.  As this Court noted, the Second Circuit has held that "in general, if the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot." *Rexall*, 74 F. Supp. 3d at 555 (quoting *Comer v. Cisneros*, 37 F.3d 775, 798 (2d Cir. 1994)).

11

Moreover, prior to certification, there is no class, and the putative class members are not part of the case.  *See Rexall*, 74 F. Supp. 3d at 555.  As this Court concluded, "when a plaintiff's claim is mooted prior to conditional or class certification, he has no continuing interest in the lawsuit."  *Id.*  Further, "[i]t is well settled that Rule 68 applies to class actions. . . .  Therefore, a Rule 68 offer may be made up until the time a court grants or denies a Rule 23 motion."  *Id.* at 555-56.  Ultimately, this Court dismissed the case after the entry of judgment in favor of plaintiff:

> This Court finds that the question is one which should be resolved in favor of defendants unless and until Congress provides legislation to clearly state a procedure which (a) denies defendants the opportunity to make a Rule 68 offer for a stated period; or (b) requires plaintiffs to move for class certification within a specified period.  Based upon the foregoing and the fact that plaintiff's motion for class certification has not been determined, [defendant's] pre-certification offer, which provides all the relief plaintiff could recover, moots plaintiff's claim.

*Id.* at 557.

  *Gomez* did nothing to alter this Court's analysis in *Rexall*, nor has there been any legislative action to warrant a different result.  The key factor distinguishing *Rexall* from *Gomez* is that the dismissal of the *Rexall* case as moot was not based on a mere unaccepted Rule 68 offer, which created no obligation for defendant to pay, but was based on an actual judgment entered by the Court that was binding on defendant.  This is precisely what the *Gomez* decision left open – district courts dismissing cases as moot when there is no longer a live claim because the defendant is obligated by a judgment to pay plaintiff in full.  The *Gomez* Court expressly invited the development of caselaw on this point, and an interlocutory appeal will allow the Second Circuit to take this matter up now, at a time when a decision in favor of Defendants would end this litigation.

  This Court did not address *Rexall* in its Order, let alone explain why the outcome here should be different.  It appears from the Order that, in light of *Gomez*, this Court was concerned

that because this case involves a putative class action where Plaintiffs have yet to file a motion for certification, that factor somehow prevented the Court from entering judgment even though Plaintiffs' individual claims would be fully satisfied with funds Defendants have already set aside for their benefit.  *See* Dkt. No. 86 at 3.  Nothing in *Gomez*, however, mandates that every would-be class action plaintiff has a right to try to have a class certified.  In fact, *Gomez* makes clear that even in a putative class action case, a plaintiff is only entitled to go forward if he or she has a *live* claim:

> Because Gomez's individual claim was not made moot by the expired settlement offer, that claim would retain vitality during the time involved in determining whether the case could proceed on behalf of a class.  While a class lacks independent status until certified, *see Sosna v. Iowa*, 419 U.S. 393, 399 (1975), a would-be class representative *with a live claim* of her own must be accorded a fair opportunity to show that certification is warranted.

*Gomez*, 136 S. Ct. at 672 (emphasis added).  *Gomez*, therefore, does not create a right on behalf of a plaintiff to go forward with a class action if their own individual claim is moot.  From a class certification perspective, *Gomez* serves only to underscore the undisputed principle that if a plaintiff has a justiciable claim, then that plaintiff can attempt to have a class certified.  *Gomez* leaves undisturbed this Court's analysis in *Rexall*, along with the existing Second Circuit precedent underpinning the *Rexall* decision.

This Court's departure in the Order from its prior well-reasoned opinion in *Rexall* is another reason warranting review by the Second Circuit so that the appellate court can set the parameters for when a case like this becomes moot and must be dismissed.

### C.    An Immediate Appeal May Materially Advance The Termination Of The Litigation

As discussed *supra* Section II.A., there can be no dispute that an interlocutory appeal to the Second Circuit could materially advance the termination of this litigation.  Since the issue

this Court faced in the Order was one of subject matter jurisdiction – the key gating issue in any federal case – if the Second Circuit reverses the Order and directs entry of judgment in accordance with Defendants' Rule 68 offer (where Defendants have already segregated the funds for the payment of Plaintiffs) and dismissal of the case for lack of subject matter jurisdiction, the entire litigation is over.

III.   **IF THIS COURT CERTIFIES THE ORDER, IT SHOULD STAY DISCOVERY PENDING THE OUTCOME OF ANY PROCEEDINGS BEFORE THE SECOND CIRCUIT**

"A district court's authority to stay a pending action is an aspect of its broad and inherent power over its own process, to prevent abuses, oppressions and injustice, so as not to produce hardship, and to do substantial justice.  In issuing a stay, a court must weigh competing interests and maintain an even balance."  *Flo & Eddie, Inc.*, 2015 WL 585641 at *4 (internal quotation and citation omitted).  Courts grant stays pending interlocutory appeal in order to promote judicial economy and relieve the substantial time and financial burdens on litigants, especially in a putative class action case.  *See id.* ("Whether or not the Court's judgment on appeal is affirmed, granting a stay now, rather than proceeding with cumbersome class-wide discovery, a motion for certification, and ultimately a decision on damages, is very likely to save time and money for the litigants"); *see also Tanasi*, 786 F.3d at 198 (noting that in case involving whether Rule 68 offer mooted plaintiffs' claims, district court granted motion to certify case to Second Circuit and stayed case during pendency of certification process and appeal).  Here, a consideration of the competing interests involved compels the conclusion that a stay pending any certification and appellate proceedings is appropriate.

First, a certification to the Second Circuit presents the very real possibility that the Order will be reversed in light of existing Second Circuit precedent directing courts to enter judgment in favor of plaintiffs even over their objections when their claims become moot.  *See, e.g., Leyse*,

14

2016 WL 1253607 at *1-2; *Bank*, 60 F. App'x. at 31; *Cabala*, 736 F.3d at 228.  *Gomez* did nothing to disturb those precedents, and those cases remain good law and are applicable to this case.

Second, while Defendants might not face irreparable harm absent a stay, if discovery progresses during the pendency of an interlocutory appeal capable of ending the case, Defendants will be forced to expend significant resources defending against claims this Court may not even have subject matter jurisdiction over.  This burden is heightened here, since discovery would not only entail requests narrowly targeted to the two named-plaintiffs individual claims, but would also require extensive discovery bearing on matters related to potential class certification.  Moreover, in a case such as this, where it is Defendants who maintain the relevant records, the burden and expense of discovery falls disproportionately on Defendants.

Third, Plaintiffs would not be prejudiced in any way by a stay.  Even if the interlocutory appeal was denied and they ultimately prevail in the case, Plaintiffs will still be able to recover all of the damages they can prove they are entitled to, and they will not suffer any further harm by delaying discovery why the appellate process runs its course.  *See Flo & Eddie, Inc.*, 2015 WL 585641 at *4.

Fourth, the public has a great interest in judicial economy, and obviating the need for tying up judicial resources on a matter where the continued justiciability of the case is in doubt. Moreover, guidance from the Second Circuit sooner rather than later on the effect of *Gomez* will promote greater certainty for all future litigants.

## CONCLUSION

Defendants have demonstrated that this case involves exceptional circumstances warranting the certification of an interlocutory appeal of the Order to the Second Circuit.  Since the Order addressed this Court's subject matter jurisdiction, it deals with a controlling question

of law that could terminate the litigation if the Second Circuit reverses.  There is a substantial ground for difference of opinion concerning this Court's Order as evidenced by existing Second Circuit precedent, the recent opinion of the Southern District of New York in *Leyse* reaching the opposite conclusion, and this Court's own 2014 *Rexall* decision.  An interlocutory appeal is therefore appropriate and warranted here, and Defendants respectfully request that the Court amend its March 31, 2016 order to include a certification of an interlocutory appeal to the Second Circuit.  Defendants further request that this case be stayed pending the outcome of the certification and appellate proceedings.

Dated: April 7, 2016
      New York, New York

Respectfully submitted,

/s/ Gerald E. Arth
Daniel A. Schnapp
FOX ROTHSCHILD LLP
100 Park Avenue, 15th Floor
New York, New York 10017
(212) 878-7900
(F) (212) 692-0940

Stephanie Resnick
Gerald E. Arth (admitted *pro hac vice*)
Ryan Becker (admitted *pro hac vice*)
FOX ROTHSCHILD LLP
2000 Market Street
20th Floor
Philadelphia, PA 19103-3222
(215) 299-2000
(F) (215) 299-2150

Ronald F. Price (admitted *pro hac vice*)
Jason Kerr (admitted *pro hac vice*)
PRICE PARKINSON & KERR, PLLC
5742 West Harold Gatty Drive
Salt Lake City, UT 84116
(801) 530-2932
(F) (801) 530-2932

*Attorneys for Defendants Basic Research,*
*LLC, Zoller Laboratories, LLC, Dennis*
*W. Gay, and Mitchell K. Friedlander*

Henninger S. Bullock
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 506-2500
(F) (212) 262-1910

*Attorneys for Defendant Nicole E. Polizzi*

17