```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ASHLEY BRADY and STEPHANIE DALLI
CARDILLO, on behalf of themselves and
all others similarly situated,

                Plaintiffs,

     -against-

BASIC RESEARCH, L.L.C., ZOLLER
LABORATORIES, L.L.C., NICOLE E.
POLIZZI a/k/a SNOOKI, DENNIS W. GAY,
DANIEL B. MOWREY, and MITCHELL K.
FRIEDLANDER,

                Defendants.
------------------------------------------------------------X
```

FILED
CLERK
5/2/2016 11:46 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
13-CV-7169 (SJF)(ARL)

FEUERSTEIN, J.

On March 31, 2016, the Court issued an Order denying the motion of defendants Basic Research, L.L.C., Zoller Laboratories, L.L.C., Dennis W. Gay, Mitchell K. Friedlander, and Nicole E. Polizzi (collectively, "Defendants") to dismiss Ashley Brady's and Stephanie Dalli Cardillo's (together, "Plaintiffs") first amended complaint for lack of subject matter jurisdiction on the basis of an unaccepted offer of judgment made pursuant to Federal Rule of Civil Procedure 68. (Dkt. 86). The denial of Defendants' motion rested upon *Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663 (2016), in which the Supreme Court held that, in the context of a putative class action where the plaintiff has not yet had the opportunity to move for class certification, "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case, so the District Court retain[s] jurisdiction to adjudicate [the plaintiff's] complaint." *Id*. at 672. On April 7, 2016, Defendants filed a motion requesting that the Court amend its March 31, 2016 Order so as to certify for interlocutory appeal the question of whether class action defendants in

the Second Circuit may, post-*Campbell-Ewald*, moot a putative class action before a plaintiff has had the opportunity to file a class certification motion by placing an amount of money sufficient to cover "all of the relief [plaintiff] could possibly obtain" in a trust account and requesting the district court to enter judgment against defendants over plaintiff's objection. (Dkt. 88-89).

Defendants' motion relies upon a statement at the end of the *Campbell-Ewald* majority's opinion:

> "We need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to plaintiff, and the court then enters judgment for the plaintiff in that amount. That question is appropriately reserved for a case in which it is not hypothetical."

(Def. Mem. (Dkt. 89) at 5) (quoting *Campbell-Ewald*, 136 S.Ct. at 672). However, this Court's decision was based upon the holding in *Campbell-Ewald* and the reasoning supporting that holding. The Supreme Court indicated its concern about placing class-action "defendant[s] in the driver's seat," holding, *inter alia*, that "a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that [class] certification is warranted." *Campbell-Ewald*, 136 S.Ct. at 372. Entering judgment against Defendants over Plaintiffs' objections before Plaintiffs have had the opportunity to file a class certification motion as Defendants request would ignore the Supreme Court's holding.[1]

In support of their argument that "there is already reasonable disagreement among the courts *within the Second Circuit* about the [*Campbell-Ewald*] decision's scope and impact,"

---

[1] Defendants argue that "with a live claim of her own" are "carefully chosen words [that] make clear that a proposed class claim is not immune from being mooted" by a defendant who is willing to put funds in a trust account for the plaintiff's benefit and instruct the court to enter judgment against it over the plaintiff's objection. (Def. Reply Mem. (Dkt. 92) at 2). This strained reading directly contradicts the core of the *Campbell-Ewald* decision, as it would in fact put "defendant[s] in the driver's seat" and would not provide named plaintiffs in putative class actions "a fair opportunity to show that certification is warranted."

2

Defendants cite *Leyse v. Lifetime Entertainment Services, LLC*, No. 13-cv-5794, 2016 WL 1253607 (S.D.N.Y. Mar. 17, 2016). (Def. Mem. at 9-11) (emphasis in original). In *Leyse*, the plaintiff's motion for class certification had already been denied, and therefore class certification was no longer an issue. *See Leyse*, 2016 WL 1253607, at *1. As noted by Judge Hellerstein, *Campbell-Ewald* does not "disrupt the Second Circuit's precedent allowing for the entry of judgment for the plaintiff over plaintiff's objections." *Id.* at *2.[2] Other courts – within and without the Second Circuit – are in agreement that a defendant is no longer able to moot a putative class action by tendering payment to a named plaintiff and asking the court to enter judgment against it over the plaintiff's objection. *See, e.g., Bais Yaakov of Spring Valley v. Graduation Source, LLC*, No. 14-cv-3232, 2016 WL 872914, at *1 (S.D.N.Y. Mar. 7, 2016) ("Although Defendants sought to avail themselves of the hypothetical proposed in *Campbell-Ewald* …, this Court is bound by *Campbell-Ewald* to afford Plaintiff a fair opportunity to show that class certification is warranted."); *Chen v. Allstate Ins. Co.*, No. 13-16816, 2016 WL 1425869, at *10 (9th Cir. Apr. 12, 2016) ("In sum, a district court should decline to enter a judgment affording complete relief on a named plaintiff's individual claims, over the plaintiff's objections, before the plaintiff has had a fair opportunity to move for class certification.").

---

[2] Defendants' reliance on the District of Maryland case *Price v. Berman's Auto., Inc.*, No. 14-cv-763, 2016 WL 1089417 (D. Md. Mar. 21, 2016) is similarly not persuasive, as that case was not filed as a class action.

3

Accordingly, there is no "substantial ground for difference of opinion" – a requirement for an interlocutory appeal order under 28 U.S.C. § 1292(b) – regarding the meaning of *Campbell-Ewald* in the circumstances of this case. Defendants' motion seeking amendment of the Court's March 31, 2016 Order is therefore denied.

**SO ORDERED.**

*s/ Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge

Dated: May 2, 2016
      Central Islip, New York